JAMES A. SMITH, Respondent, *v.* FRED. W. PONATH, Appellant.

April 7, 1885.

1. AFFIDAVITS—ATTORNEY AND CLIENT.—An affidavit to a complaint is not void because the notary before whom it is sworn to is the affiant's attorney.

2. —— If no objection is made to such an affidavit on the grounds of public policy in the circuit court, it will not be held, on appeal, to vitiate the proceedings.

3. —— NOTICE—SERVICE OF.—The return of a private person of his service of a notice need not have his affidavit affixed thereto if he testify in open court to the truth of his return.

APPEAL from the St. Louis circuit court, BARCLAY, J. *Affirmed.*

VIRGIL M. HARRIS, for the appellant: Verification of pleadings cannot be made before the attorney in the cause.—*Wilhouke* v. *Halle,* 37 Ga. 678; *Sawyers* v. *Lathrop,* 9 Ark. 67; Nash's Pl. & Pr. 99; *Warner* v. *Warner,* 11 Kan. 121; *Taylor* v. *Hatch,* 12 Johns. Rep. 340; *Williard* v. *Judd,* 15 Johns. Rep. 531; *Stevens* v. *Miller,* 46 Mo. Rep. 404; *Floyd* v. *Rice,* 28 Tex. 341; *People* v. *Spalding,* 2 Paige Ch. Rep. 326; *Gilmore* v. *Hunstead,* 4 How. Pr. 53; *Den* v. *Geiger,* 4 Halst. 225. The return of service of notice should have been verified by affidavit.—*McDermead* v. *Russell,* 41 Ill. 489; *McCall* v. *Cohen,* 13 S. C. 198.

KLEIN & FISSE, for the respondent: The complaint was properly verified. In the absence of a statute, a notary, who is at the same time attorney in a cause, is not thereby disqualified to take an affidavit in the cause. —*Young* v. *Young,* 18 Minn. 90.

LEWIS, P. J., delivered the opinion of the court.

The complaint in this case of unlawful detainer was sworn to by the plaintiff before one of his attorneys in the cause, who was a notary public. It is assigned for

error, that an affidavit so taken and certified is contrary to public policy and void, wherefore the justice never acquired jurisdiction of the cause.

An examination of the numerous authorities cited for the appellant leads easily to the conclusion that, while the courts have in many cases declared that the administering of an oath to his client by an attorney, in a course of procedure, was improper, as an abuse of the relations existing between them, and that an affidavit so taken would not be heard, if objected to by the adverse party when offered, yet it has never been supposed that the objection could be entertained, when made for the first time on appeal or error; unless, possibly, in one of those rare instances where the making of an affidavit in the mode referred to is expressly prohibited by statute. There is no such statute in Missouri. Without it, such an affidavit is not a nullity. Its defect, if there be one, is at most an irregularity which may be waived, and which will be deemed so to be, if permitted, without objection, to perform its intended function.—*Gilmore* v. *Hempstead*, 4 How. Pr. 153. It has been held also, that the rule of exclusion "applies only to affidavits made before an attorney in a suit pending, not to those preparatory to the commencement of one;" of which latter class is the affidavit in the present case.—*Vary* v. *Godfrey*, 6 Cow. 587; *Payne* v. *Flournoy*, 29 Ark. 500. In *Young* v. *Young* (18 Minn. 90), it was held that an affidavit made by a plaintiff before his attorney, who was a notary public, was good against all objections on that score, because the statute conferred upon "*each* notary public" power to administer "all oaths required or authorized by law to be administered in this state." An analogy may be found in our Missouri statute (Rev. Stat. sect. 3327) which would lead to the same result. But it is not necessary for us to give any opinion upon this point, since, for all the purposes of the case before us, it is sufficient to say that the defendant offered no objection against the affidavit in the court below, and cannot therefore be heard to impeach it here.

It is objected for error that the return of service of the notice to quit, as introduced by the plaintiff, was not properly verified. The return was endorsed on the notice in proper form, and signed by Jules A. Casey, who testified as a witness that he made the service as stated in the return. This was a substantial compliance with the statute. Learned counsel loosely quotes the statute as saying that "if this notice be served by a person other than an officer, he shall make *affidavit* to his return." Such is not the language of the law. The statute, after providing that a return by an officer shall be *prima facie* evidence of the facts therein stated, adds: "And if such demand be made by any other person, the return shall be sworn to by such person, and shall then be *prima facie* evidence of the facts therein stated."—Rev. Stat. sect. 2458. The return was "sworn to" in the most solemn form known to our jurisprudence. The "facts therein stated" were proved by direct testimony.

Our attention is called to sundry exceptions tendered to admissions of testimony. No such exceptions were properly saved. The record fails to show, in any instance, what grounds of objection were urged against the competency of the evidence. We find no error in the record, and therefore affirm the judgment. All the judges concur.