NELSON WESTOVER ET AL. V. A. J. VANDORAN.

[FILED MAY 20, 1890.]

1. Replevin: PLEADING: EVIDENCE.   In an action of replevin the defendant may in his answer deny generally the allegations of the petition and under such answer prove that he is the owner of the property in dispute and entitled to the immediate possession thereof.   This mode of pleading, however, is not compulsory.   He may, if he so elect, plead specifically the facts constituting his defense, and if he do so the ordinary rules of pleading will apply, and if the new matter so pleaded constitutes an affirmative defense the plaintiff must file a reply thereto or such new matter will be taken as true.

2. ——: ——: ——.   On the pleadings and evidence, *held* that the court erred in directing a verdict for the plaintiff.

ERROR to the district court for Platte county.   Tried below before POST, J.

*S. S. & W. A. McAllister,* and *J. E. Philpott,* for plaintiffs in error.

*Geo. G. Bowman,* and *J. S. Armstrong, contra.*

MAXWELL, J.

This is an action of replevin instituted by the defendant in error against the plaintiff in error to recover the possession of a pair of mules.

The petition is in the ordinary form and the defendants below, Westover and Weatherby, filed an amended answer, in which, after denying most of the allegations of the petition, they say:

"That on the 17th day of April, 1886, this defendant, acting for and on behalf of one John Fisher, sold a large amount of personal property to the plaintiff herein for the sum of $250, which said sum of $250 said plaintiff then and there on the 17th day of April, 1886 promised and agreed to pay said Fisher on or before the 24th day of April, 1886.

" That said plaintiff, to secure the payment to said John Fisher of said $250, then and there, on the said 17th day of April, 1886, made, executed, and delivered to said John Fisher a certain bill of sale of certain personal property, which said bill of sale included, with other property, the two mules in controversy in this action.

"That said plaintiff, to further secure the payment of said $250, then and there, on the 17th day of April, 1886, made, executed, and delivered to said answering defendant, as the agent of said John Fisher, his one certain promissory note, dated on that day and due on the 24th day of April, 1886, for the said sum of $250, with interest from date until paid at ten per cent per annum.    *    *    *

" That said plaintiff has failed, neglected, and refused, and still fails, neglects, and refuses to pay said sum of $250, or any part thereof, and that no part thereof has been collected or paid, and that there is now due on said note and bill of sale from said plaintiff to said John Fisher the said sum of $250, with interest thereon from April 17, 1886, at ten per cent per annum.

"That on the second day of July, 1886, acting for and on behalf of said John Fisher, and with full authority so to do, took possession of said mules under and by virtue of said bill of sale, as he lawfully might, said John Fisher then and there having the legal title to said mules, under and by virtue of said bill of sale, said defendant alleges that he had and was holding said mules at the time this action was commenced, wholly and exclusively under said bill of sale as aforesaid."

To this answer Vandoran filed a reply as follows:

"Plaintiff alleges that prior to the 17th day of April, 1886, one E. W. Vandoran, a brother of this plaintiff, was indebted to said John Fisher in the sum of about $250; that on or about the 17th day of April, 1886, an agreement was duly made and entered into by and between said John Fisher and Nelson Westover, defendants, of the one part, and one J. D. Vandoran, father of said E. W. and A. J. Vandoran, party of the second part, by the terms of which said Fisher and Westover agreed to sell, assign, and transfer their said claim against said E. W. Vandoran to said J. D. Vandoran, in consideration for which the said J. D. Vandoran agreed to assign to said Fisher a portion of a judgment, to-wit, the sum of $257 of said judgment owned by said J. D. Vandoran against the city of Hastings, Nebraska; that to secure the performance of said contract or agreement on the part of the said J. D. Vandoran, the said note and mortgage mentioned in defendant Westover's amended answer, were executed, and for no other purpose; that pursuant to the terms of said agreement said J. D. Vandoran duly executed to said Fisher an assignment of that portion of the Hastings judgment agreed upon, to-wit, the sum of $257, and tendered the same to the said Fisher and demanded from said Fisher an assignment and delivery of the said claim against said E. W. Vandoran, but the said Fisher and Westover then and there refused to so assign and deliver to said J. D. Vandoran the claim

against said E. W. Vandoran, and still refuses so to do; that said J. D. Vandoran has been ready and willing at all times to perform his part of said contract or agreement, and that no condition of the same, for which said note and bill of sale or mortgage was given as security, has been broken."

But one witness, viz., Nelson Westover, was called, and he testified that he was the agent of John Fisher on the 17th of April, 1886; that one E. W. Vandoran was indebted to said Fisher for a balance due on a note in the sum of $257, secured by a chattel mortgage; that this note not being paid, he, as the agent of Fisher, took possession of the mortgaged property, whereupon A. J. Vandoran gave the note in question, secured by a chattel mortgage on the mules in controversy. The note is as follows:

"$250.            ALBION, NEBRASKA, April 17, 1886.

April 24, 1886, after date, I promise to pay to John Fisher, or order, $250, with interest at the rate of 10 per cent per annum from date, value received, hereby waiving and releasing any and all rights under and by virtue of all laws of the state of Illinois exempting real or personal property from execution, writ of attachment, and sale for the payment of debts.

"No. ——. Due ——.          A. J. VANDORAN."

On the back of this note is the following:

"This note is given on condition that it is only payable upon the event that the one certain promissory note given by E. W. Vandoran to N. Westover in sum of $556.50, dated April 12, 1885, assigned to John Fisher, is not settled in full on or before April 24, 1886."

The witness testifies that no portion of the debt has been paid.

The court instructed the jury to bring in a verdict for Vandoran. The jury thereupon returned a verdict as directed, and a motion for a new trial having been overruled, judgment was entered on the verdict.

The attorneys for the plaintiff in error were permitted to open and close the case, and the court seems to have assumed that under the pleadings the cause of action in favor of Vandoran was admitted. This assumption, however, is erroneous. A defendant in an action of replevin may answer by a general denial, and under such answer prove that he is entitled to the possession and is the owner of the property. This mode of pleading, however, is not compulsory. He may, if he so elect, plead the specific facts constituting his defense, in which case the ordinary rules of pleading will apply, and if new matter is pleaded in the answer requiring a reply, such reply must be filed or the new matter will, for the purposes of the trial, be taken as true.

No proof was offered in support of the reply in this case, and the material facts in the petition on which Vandoran claims the right to recover being denied, the court erred in directing a verdict for the defendant in error.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.