LOUIS W. STRICKLETT V. STATE OF NEBRASKA.

[FILED MAY 5, 1891.]

1. **Statutes:** VOID AMENDMENTS. The second section of chapter 34 of the Session Laws of 1889 is clearly amendatory of section 14 of the Criminal Code, and comes within the rule of *Smails v. White*, 4 Neb., 353, and is void.

2. ———: VALID IN PART. The first section of the same act provides for a new offense and the punishment thereof, and is not an amendment within the constitutional inhibition—in other words, it adds to the offenses designated in the Criminal Code, but does not seek to change or modify the provisions of such Code.

ERROR to the district court for Washington county. Tried below before CLARKSON, J.

*Jesse T. Davis*, for plaintiff in error, cited: *Tecumseh v. Phillips*, 5 Neb., 310; *White v. Lincoln*, Id., 505; *Boggs*

*v. Washington County*, 10 Id., 300; *State v. Pierce County*, Id., 476; *Ex parte Thomason*, 16 Id., 238; *Holmberg v. Hauck*, Id., 337; *Messenger v. State*, 25 Id., 674; *State v. Judge*, 2 Ia., 282; *Davis v. State*, 7 Md., 151; *Connor v. Mayor*, 5 N. Y., 293; *Sun Mut. L. Ins. Co. v. Mayor*, 8 Id., 253; *State v. Silver*, 9 Nev., 227; Cooley, Const. Lim., 174–5.

*William Leese, Attorney General, contra,* cited: Maxwell, Crim. Pro., 79; Bishop, Statutory Crimes, sec. 363.

MAXWELL, J.

The plaintiff in error was informed against under the second section of "An act to provide for the punishment of persons guilty of an assault upon another person with intent to inflict great bodily injury, and for the punishment of persons guilty of an assault upon another person with intent to kill the person assaulted," approved March 30, 1889. The act is as follows:

"Sec. 1. That if any person assault another with intent to inflict a great bodily injury, he shall be punished on conviction thereof by imprisonment in the penitentiary for not less than one year nor more than five years.

"Sec. 2. If any person shall assault another with the intent to kill the person so assaulted, every person so offending shall be imprisoned in the penitentiary not less than one nor more than ten years.

"Sec. 3. All acts and parts of acts inconsistent with this act are hereby repealed."

On the trial of the cause the plaintiff in error was convicted and sentenced to imprisonment in the penitentiary for three years. He now assigns a number of errors in this court, and among others that the act is unconstitutional because in fact amendatory of several sections of the Criminal Code without referring to such sections sought to be amended.

Sec. 14 of the Criminal Code provides:

"If any person shall assault another with intent to commit a murder, rape, or robbery upon the person so assaulted, every person so offending shall be imprisoned in the penitentiary not more than fifteen nor less than two years.

"Sec 15. If any person shall voluntarily, unlawfully, and on purpose cut or bite the nose, lip or lips, ear or ears, or cut out or disable the tongue, put out an eye, slit the nose, ear, or lip, cut or disable any limb or member of any person, with intent to murder, kill, maim, or disfigure such person, every person so offending shall be imprisoned in the penitentiary not more than twenty years nor less than one year.

"Sec. 16. If any person shall maliciously shoot, stab, cut, or shoot at any other person, with intent to kill, wound, or maim such person, every person so offending shall be imprisoned in the penitentiary not more than twenty years nor less than one year."

It will be observed that the first section of the act of 1889 provides for an offense not mentioned in either of the sections named and therefore creates punishment for a new offense. It was not an amendment, therefore, of either of the sections named, and so far as appears is a valid act; in other words, it adds to the list of offenses and imposes punishment for the same, but does not change or affect the offenses designated in the Criminal Code. It is not an amendment, therefore, within the inhibition of the constitution.

The second section, however, is an evident attempt to amend section 14 above copied, and comes within the rule of *Smails v. White*, 4 Neb., 353, and *Sovereign v. State*, 7 Id., 409, in which it was held that where an independent act was in fact amendatory of the provisions of the existing statutes, but failed to refer to such statutes so amended, it was in fact void, as being in conflict with the constitution.

The reason for the constitutional provision no doubt was the uncertainty which would exist as to the law upon any given point if statutes could be amended by the simple passage of acts like this, which in general terms sought to repeal all statutes in conflict therewith. In order, therefore, that the law may be certain in all respects, the constitution requires that an amendatory act shall refer to the statute to be amended and the amended statute would thereby be repealed. The object is to prevent confusion and injustice. An exception to the rule exists where an act is complete in itself. Thus, suppose the legislature should pass a new Criminal Code without any express words repealing the old. Here would be a new law complete in itself, which, being the latest expression of the legislature, would take the place of the old act.

The second section of the act in question comes within the rule of *Smails v. White,* and is void. It is true the language is somewhat different from that of section 14 of the Criminal Code, but the crime is substantially the same as one of those mentioned in section 14.

Second—The testimony tends to show that the prosecuting witness and the plaintiff in error, with others, engaged in an altercation in a saloon in the city of Blair. All parties seem to have been intoxicated and the origin of the difficulty is not very clearly shown. The prosecuting witness armed himself with a knife, but whether as a means of offense or defense is not entirely clear. It is pretty evident, however, from this and other cases which have come before this court from that city, that some of the saloon-keepers should be required to keep orderly houses and prohibited from furnishing intoxicating drinks to persons under the influence of liquor, or their license should be revoked. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.