BARNEY SMITH v. THE STATE OF NEBRASKA.

[FILED MAY 18, 1892.]

1. **Statutes: AMENDMENT: ASSAULT.** The first section of the act approved March 30, 1889, entitled "An act to provide for the punishment of persons guilty of an assault upon another with intent to inflict great bodily injury, and for the punishment of persons guilty of an assault upon another with intent to kill the person so assaulted," section 17*b*, Criminal Code, does not conflict with section 11, article 3, of the Constitution.

2. ———: ———: ———. The crime of assault with intent to inflict great bodily injury upon the person assaulted, section 17*b* of the Criminal Code, is a new and substantive offense.

3. ———: ———: ———. The act defining said crime and providing a punishment therefor is not an amendment to the Criminal Code in the sense used in section 11, article 3, of the Constitution.

ERROR to the district court for Douglas county. Tried below before CLARKSON, J.

*Lee S. Estelle,* for plaintiff in error, cited: *Ex parte Thompson,* 16 Neb., 238; *Boggs v. Washington Co.,* 10 Id., 297; *Tecumseh v. Phillips,* 5 Id., 305; *White v. Lincoln,* 5 Id., 505; *State, ex rel. Jones, v. Lancaster Co.,* 6 Id., 474; *State v. Barrett,* 27 Kan., 215; *State v. Young,* 47 Ind., 150; *State v. Baker,* 50 Id., 506; *State v. Sovereign,* 7 Id., 412.

*George H. Hastings, Attorney General, contra,* cited: *People v. McCallum,* 1 Neb., 182; *State v. Co. Judges,* 2 Ia., 282; *State v. Ream,* 16 Neb., 681; *White v. Lincoln,* 5 Id., 505; *Boggs v. Washington, Co.,* 10 Id., 297; *Ives v. Norris,* 13 Id., 252; *Holmberg v. Hauck,* 16 Id., 337; Cooley, Const. Lim., 170, 173, 220; *State v. Arnold,* 31 Neb., 76; *Jones v. Davis,* 6 Id., 33; *State v. Page,* 12 Id., 386; *Smails v. White,* 4 Id., 353; *Att'y Gen'l v. Preston,* 56 Mich., 177;

47

*Sears v. Cottrell,* 5 Mich., 252; *Green v. Graves,* 1 Doug.
[Mich.], 351; *Bigelow v. R. Co.,* 27 Wis., 478.

. Post, J.

The only question involved in this case is the constitu-
tionality of section 1 of the act approved March 30, 1889,
entitled "An act to provide for the punishment of persons
guilty of an assault upon another with intent to inflict
great bodily injury, and for the punishment of persons
guilty of an assault upon another with intent to kill the
person so assaulted," sections 17*b* and 17*c*, Criminal Code.
It is contended by plaintiff in error that the section in
question is void for the reason that the act aforesaid con-
travenes the provision of section 11 of article 3 of the
Constitution as follows: "And no law shall be amended
unless the new act contains the section or sections so
amended, and the section or sections so amended shall be
repealed." The claim of counsel is that the section under
consideration is in effect an amendment of section 17 of
the Criminal Code, which reads as follows: "Sec. 17. If
any person shall unlawfully assault or threaten [another]
in a menacing manner, or shall unlawfully strike or wound
another, the person so offending shall, upon "conviction
thereof, be fined in any sum not exceeding one hundred
dollars, or imprisoned in the jail of the county not exceed-
ing three months, or both, in the discretion of the court,
and shall, moreover, be liable to the suit of the party in-
jured."

Since the filing of the briefs in this case it was held in
*Stricklett v. State,* 31 Neb., 674, that the second section of
the act set out above is amendatory of section 14, Criminal
Code, and, therefore, void under the rule in *Smails v. White,*
4 Neb., 353. It is further said by the present chief justice
in that case, that the first section of the act provides pun-
ishment for an offense not mentioned by either of the sec-
tions named therein and therefor for a new offense. We

have carefully re-examined the question and our investigation has resulted in the conclusion that the offense in question is a new and independent crime and that said section is not in any just or proper sense an amendment to the Criminal Code.  Where the law forbids a defined combination of act and intent, and attaches a penalty for the violation of the inhibition, it establishes a distinct or specific crime. (1 Bishop's Crim. Law, 599.)  Again, section 776, the same author says, " When the law-making power draws its lines around a particular combination of act and intent and prohibits the thing under a penalty, it creates a specific crime."  It was not the intention of constitutional prohibition against amendments without repealing the section amended, to prevent the amendment of the law upon any given subject by addition thereto of a new and independent provision.  A simple assault, and assault and battery, are under our Code misdemeanors, but an assault combined with an attempt to commit murder, rape, or robbery is an offense entirely different.  An assault and battery is a misdemeanor without regard to the extent of the injury inflicted, or whether the intent was to inflict great or trifling injury.  An assault with intent to inflict great bodily injury is therefore essentially different.  It is but one of the combinations of a specific act with a specific intent which the law-making power has seen fit to denounce as a crime.  This rule has many illustrations in the Criminal Code.  Larceny, for instance, is a crime and is a felony or misdemeanor according to the value of the property stolen. In 1875 an act was passed, entitled " An act defining certain crimes, and providing punishment thereof."  By this act embezzlement by a bailee is made a crime.  By section 117 of the Criminal Code horse stealing is made a felony without regard to the value of the animal stolen, and by a recent act larceny from the person is made an independent crime.  In all these cases larceny is an element, the primary element so to speak, of the crime, but the combining of the

other elements with it makes an offense in contemplation of law entirely different. An assault accompanied with an intent to inflict great bodily harm upon the person assaulted is a new offense, one not previously known to our Criminal Code. It was within the power of the legislature to create or define that crime without amending the Code in the sense contemplated by the constitution. There is no error in the record and the judgment is

AFFIRMED.

THE other judges concur.