J. B. Spaulding & Sons v. George W. Overmire.

Filed April 3, 1894.   No. 4877.

Replevin: Attached Property: Justification of Attaching Officer.  Where an officer attached property which was afterwards taken from him under a writ of replevin issued in an action by parties who claimed to be the owners and entitled to the immediate possession of the property, it devolves upon the officer to show his authority by a regularly issued writ of attachment.  If he alleges as a justification his possession under the attachment process, this is necessary to prove his right of possession and the value of his possession if the action is decided in his favor.

Error from the district court of Buffalo county.  Tried below before Hamer, J.

*R. A. Moore*, for plaintiffs in error, cited: *Gamble v. Wilson*, 33 Neb., 270; *Schars v. Barnd*, 27 Neb., 97; *Williams v. Eikenberry*, 25 Neb., 721; *Gates v. Parrott*, 31 Neb., 581; *Paxton v. Moravek*, 31 Neb., 305; *Thornburgh v. Hand*, 7 Cal., 555; *Matthews v. Densmore*, 109 U. S., 216; *Oberfelder v. Kavanaugh*, 21 Neb., 483; *McDonald v. Moore*, 21 N. W. Rep. [Ia.], 505; *Rock v. Singmaster*, 17 N. W. Rep. [Ia.], 744.

*Greene & Hostetler, contra.*

Harrison, J.

On the 24th day of May, 1888, the plaintiffs filed a petition and affidavit in replevin in the district court of Buffalo county, by which they claimed to be the owners and entitled to the immediate possession of a set of plumbers' and steamfitters' tools and an entire stock of plumbing goods, contained in a room in a building known as the Scott Block in Kearney, Nebraska, claiming the ownership by virtue of a chattel mortgage.  A writ was issued and served, an un-

dertaking filed, and the property delivered to plaintiffs.
The defendant George W. Overmire filed an answer, which
was as follows:

"Now comes the defendant and for answer to the plaint-
iffs' petition herein alleges that on the 21st day of May,
1888, orders of attachment were issued out of the county
court of Buffalo county, Nebraska, in the case of W. J.
Cooper and Cole Brothers against Jos. Walther and Charles
A. Bartz, and the case of the U. S. Wind Engine & Pump
Co. against Jos. Walther. The claim of the said W. J.
Cooper and Cole Brothers as aforesaid aggregated $529.27,
and the claim of the said Wind Engine & Pump Company
aggregated $400.

"2. That on said 21st day of May, 1888, as aforesaid,
this defendant was the duly elected and qualified constable
in and for Kearney, Buffalo county, Nebraska, and that as
such constable and in pursuance of the command contained
in said orders of attachment the said defendant did, on said
date as aforesaid, levy upon and attach the goods and chat-
tels described in plaintiffs' petition as the property of said
Jos. Walther and held the same to satisfy said claims as
aforesaid, and so held said property at the commencement
of this action.

"3. The defendant for further answer to plaintiffs' peti-
tion says that said Jos. Walther and Geo. P. Antley exe-
cuted to said plaintiffs the chattel mortgage described in
said petition; that the said mortgage covered and described
a stock of goods and merchandise in the city of Kearney,
Nebraska; that said mortgagors were allowed, with full
knowledge and consent of said mortgagee, to remain in
possession of said stock of goods and to sell and dispose of
said mortgaged property and use the proceeds of said sales
for their own use and benefit, and that said proceeds of said
sales were not applied upon said debt secured by said mort-
gage, and that said mortgage was therefore fraudulent and
void as to this defendant.

"4. The defendant denies each and every allegation in said petition contained not hereinbefore specifically admitted or denied."

To this answer the plaintiffs filed the following reply :

" Now come the plaintiffs and deny each and every allegation contained in the answer.

" 2. They aver that the mortgage was for a valuable consideration and made in good faith for a valuable consideration and the money actually paid thereon, and aver that the goods were the same and now in the store when the mortgage was executed."

By consent of parties, W. J. Cooper and Cole Bros. and the United States Wind Engine & Pump Co. were substituted defendants in place of George W. Overmire.

As a result of a trial of the issues to the court and a jury, a verdict was returned for the defendants, finding that at the commencement of the action they were entitled to the possession of the property in controversy and the value of the possession to be the sum of $627.43, and assessing their damages at the sum of ten cents.

Plaintiffs filed a motion for a new trial, which was overruled, and judgment was rendered on the verdict in the following words and figures:

"And judgment is hereby rendered by the court, against the plaintiffs in favor of defendants, in the sum of $627.43 and costs."

Plaintiffs file the record in the case, bill of exceptions, and petition in error in this court and ask a reversal of the judgment because of certain errors which they allege occurred during the trial of the cause in the court below. Plaintiffs' counsel states in his brief that there has been filed in this court a stipulation between plaintiffs and W. J. Cooper and Cole Bros., defendants, authorizing this court to decide the case here in favor of plaintiffs in error, of which the following is a copy according to the brief:

"It is hereby stipulated that the defendants W. J.

Cooper and Cole Bros., who were substituted as one of the defendants in the case, hereby withdraw their answer and make no further appearance, and agree that as to them the plaintiffs may have judgment for the possession of the property described in said petition at plaintiffs' cost, and acknowledged full satisfaction of said judgment set up in said answer against the said Walther, and that said appeal to the supreme court can be decided in favor of the plaintiffs in error and that no personal judgment shall be rendered against Cooper and Cole Bros."

We have searched through the entire record for the foregoing agreement, but have been unable to find it and can therefore give it no effect.

The first points argued in the brief of counsel for plaintiffs, viz., that there was no final judgment rendered, but only an order made that one should be rendered, and that the judgment, if one was rendered, was a direct money judgment when it should have been in the alternative for a return of the property or the value of it, or its possession in case the return could not be made, were not mentioned in the petition in error and therefore cannot be considered. (*Birdsall v. Carter*, 11 Neb., 143.)

The plaintiffs assign as error in their petition in error, and it is also a part of their motion for a new trial, that there was no evidence introduced of defendants' lien by attachment on the property in controversy. An examination of the transcript of evidence in the case, we are satisfied, shows this statement of the plaintiffs in their petition in error to be a true one. There was no evidence on the subject of the issuance and levy of the attachments, except some recitals contained in the entries on the docket of the county judge, made when the cases in which the attachments, under which Constable Overmire alleges in his answer in this case that he claims the goods, were pending in the county court, and these recitals are confined to the fact of the issuance of some attachments and the filing of mo-

tions in the cases to dissolve the attachments. This evidence was not sufficient. In *Williams v. Eikenberry,* 22 Neb., 211, it was held : " Where an officer attaches property which is subsequently replevied from him by a stranger who claims title and the right to its possession, and such officer seeks to justify his possession under his attachment process, it is incumbent upon him to prove his authority by the order of attachment, in order to show his right to possession, and the measure of his damages, if successful in the suit." REESE, J., in the body of the opinion states : " By this rule it is very clear that the officer levying the writ, and seeking to hold the property in replevin proceedings against him, must at least prove his right by the introduction of the writ, which could be his only authority for the seizure." (See also *Oberfelder v. Kavanaugh,* 21 Neb., 483.)

The evidence, measured by the rule announced in the cases cited above, which is unquestionably the true rule, was insufficient to support the verdict, and the judgment is therefore reversed and the case remanded.

REVERSED AND REMANDED.

POST, J., not sitting.