JAMES W. HORKEY V. W. W. KENDALL, SHERIFF.

FILED JANUARY 19, 1898. No. 7718.

1. **Affidavit: VERIFICATION: NOTARY PUBLIC.** A notary public who is the attorney of one of the parties to an action is not permitted to take the affidavit of his client for the purpose of procuring an attachment.

2. **Attorney and Client: VERIFICATION OF PLEADING: STATUTES.** The amendment of 1887 to section 118 of the Code, notwithstanding its general language, cannot be held to apply to affidavits, other than those verifying pleadings, without giving the amending act a construction which would render it violative of section 11, article 3, constitution.

3. **Affidavit for Attachment: VERIFICATION.** An affidavit to procure an attachment, sworn to before a notary who is also plaintiff's attorney, is not a nullity, but a mere irregularity which cannot be attacked collaterally.

4. **Attachment: PLEADING: EVIDENCE.** The rule that an officer attaching property in the possession of a stranger claiming title must, in order to justify, not only prove that the attachment defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued, does not require that strict regularity in all the attachment proceedings must be shown, but only that there was such a substantial compliance with every essential requirement as to create a valid lien.

5. ——: ——: ——: **REPLEVIN.** An officer from whom goods held under attachments have been replevied may prove the attachments under a general denial; and, although he adds to the general denial a special plea of one attachment, he may nevertheless prove other attachments.

ERROR from the district court of Howard county. Tried below before THOMPSON, J. *Affirmed.*

*T. T. Bell* and *Henry Nunn,* for plaintiff in error.

*Frank J. Taylor* and *F. H. Woods, contra.*

IRVINE, C.

This was an action of replevin by Horkey against Kendall, who was sheriff of Howard county, for certain chattels, part of which Horkey claimed to own absolutely,

and part under a chattel mortgage from one Dobry, the general owner. As to the first portion he was successful; as to the mortgaged chattels there was a judgment against him for their return or their value, and of the latter portion of the judgment he complains.

The district court received in evidence, over the objection of the plaintiff, an affidavit filed by the Western Manufacturing Company to procure an attachment against Dobry. The defendant justified under the writ issued thereon. By other documents offered in evidence at the same time it appeared that Frank J. Taylor, the notary public before whom the affidavit was made, also appeared in the attachment suit as the attorney of record of the plaintiff. The objection was based on that fact. Section 370 of the Code of Civil Procedure prescribes the purposes for which an affidavit may be used, among them the obtaining of a provisional remedy. Section 371 prescribes what officers may take such affidavits; to-wit, "any person authorized to take depositions." Immediately following are certain sections with reference to depositions. Sections 374 and 375 designate the officers who may take them, among them notaries public. Section 376 is as follows: "The officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding." These sections must be construed together, and their joint effect is to prohibit the attorney for either party from taking the affidavit whereby a provisional remedy is obtained. It is claimed, however, that section 118, as amended in 1887, has modified the foregoing provisions. Prior to 1887 the material portion of section 118 was as follows: "The affidavit verifying pleadings may be made before any person before whom a deposition might be taken." Chapter 93 of the Laws of 1887 is entitled "An act to amend section 118 of title 7 entitled 'Pleadings in Civil Actions' of the Code of Civil Procedure of the state of Nebraska, and repeal said original section." By this act the material

portions of section 118 are amended to read as follows: "The affidavit verifying pleadings may be made before any notary public or other officer authorized to administer oaths * * * and nothing herein shall be construed to prohibit an attorney at law, who is a notary public, from swearing a client to any pleading or other paper or affidavit in any proceeding in the courts of the state." As indicated by the title to the act of 1887, title 7 of the Code, of which section 118 forms a part, is entitled "Pleadings in Civil Actions." Section 91 enacts that the only pleadings allowed are the petition of the plaintiff, the answer or demurrer of the defendant, the demurrer or reply of the plaintiff, and the demurrer of the defendant to the reply. Subsequently come the well-known requirements as to verification of pleadings of fact, and section 118 appears in that connection. The pleadings therein referred to were evidently pleadings in the specific, technical sense, as defined by section 91. We refer to this because it is asserted that this court, in *Jordan v. Dewey*, 40 Neb. 639, has declared such affidavits as the one in question to be pleadings. In that case the court was dealing with the method of trying motions to dissolve attachments, and stated that on the trial of such motions the affidavit for the attachment and that traversing the averments of that affidavit constitute the pleadings on which such motion is to be tried. That is, the issues of fact are to be found from an inspection of these two affidavits. The word "pleading" was not there used in its specific or technical sense, and the court was not attempting to amend section 91 or section 118. In *Payne v. Briggs*, 8 Neb. 75, Judge Cobb, speaking for the court, criticised quite severely the practice of taking depositions in the office of an attorney in the case, and sometimes before a notary who is his clerk. In *Collins v. Stewart*, 16 Neb. 52, the court had reversed a judgment because the trial court had refused to strike from the files certain affidavits offered as evidence on a motion to dissolve an attachment, but sworn to before one of the at-

torneys.  In the light of those decisions it is not improbable that the legislature intended, by the last clause of the amendment of 1887, to entirely remove the disability resting on an attorney who happens also to be a notary public, at least so far as it prevented him from taking his own client's affidavit in any proceeding.  But, if that was the object of the legislature, it endeavored to effect it by unconstitutional means.  The constitution provides (art. 3, sec. 11) that no bill shall contain more than one subject, which shall be expressed in its title, and no law shall be amended unless the new act contains the section or sections so amended, and the section or sections so amended shall be repealed.  This requires that an act, not complete in itself, and being in effect amendatory of other acts, shall expressly recite and repeal the sections amended.  (*Smails v. White*, 4 Neb. 353; *Sovereign v. State*, 7 Neb. 407; *Holmberg v. Hauck*, 16 Neb. 337; *State v. Lancaster County*, 17 Neb. 85; *Touzalin v. Omaha*, 25 Neb. 817; *Stricklett v. State*, 31 Neb. 674; *Trumble v. Trumble*, 37 Neb. 340; *City of South Omaha v. Taxpayers' League*, 42 Neb. 671.)  And, although the title of "an act to amend" a certain other act is sufficient for the purpose indicated by that title, it does not indicate the purpose of engrafting by amendment upon that act provisions not germane to its original subject.  (*City of Tecumseh v. Phillips*, 5 Neb. 305; *White v. City of Lincoln*, 5 Neb. 505; *Burlington & M. R. R. Co. v. Saunders County*, 9 Neb. 507; *Miller v. Hurford*, 11 Neb. 377; *State v. Pierce County*, 10 Neb. 476; *Trumble v. Trumble, supra*; *State v. Tibbets*, 52 Neb. 228.)  Applying these tests to the act of 1887, the scope claimed for it, and perhaps indicated by its text, would make it operate as an amendment of section 371, as explained by sections 374, 375, and 376.  It does not refer to, recite, or repeal any of those sections.  Its title indicates only a purpose to amend section 118, which embraced only the subject of verifying pleadings.  We cannot, without permitting a violation of the constitution, give it any broader effect as amended.

But it does not follow because the affidavit was irregular, and might have been quashed on motion for that purpose in the attachment suit, that the plaintiff in this case can avail himself of the defect. In *Oberfelder v. Kavanaugh*, 21 Neb. 483, this court laid down the following rule: "When an officer attaches property found in the possession of a stranger claiming title, in an action for such taking, the officer, in order to justify it, must not only prove that the attachment. defendant was indebted to the attachment plaintiff, but that the attachment was regularly issued." Several times since has this language been repeated with approval; but in each case with regard to a substantial defect in the proof of the attachment, one that would not only lead to a reversal on petition in error by the attachment defendant, but one reaching to the very validity of the lien acquired or sought to be acquired. Thus in the leading case there was no proof of any affidavit. An attachment without an affidavit would be void. In *Williams v. Eikenberry*, 22 Neb. 210, and in *Paxton v. Moravek*, 31 Neb. 305, the writ of attachment itself was not offered in evidence. In *Williams v. Eikenberry*, 25 Neb. 721, the pendency of the action to which the attachment was ancillary was not proved. In *Bartlett v. Cheesebrough*, 32 Neb. 339, the debt was not proved. In *Spaulding v. Overmire*, 40 Neb. 21, there was no competent evidence of any of the proceedings. The court did not, in any of the cases, hold or intend that there could be no justification if some inconsequential irregularity was made to appear. On the contrary, the object is to establish an interest founded on a valid lien, and the proof is sufficient if this be shown. Irregularities not going to the existence and validity of the lien are not open to such a collateral attack. (*Scrivener v. Dietz*, 68 Cal. 1.) The provisions of our Code as to the competency of officers administering oaths to affiants are substantially declaratory of the common law, and both at the common law and under statutes like ours it is very generally held that the making of an affidavit

before an attorney in the case, if he be an officer generally authorized to take affidavits, is an irregularity merely, which must be attacked at once by motion, or it will be waived; and that such an affidavit is not a nullity. (*Gilmore v. Hempstead*, 4 How. Pr. [N. Y.] 153; *Smith v. Ponath*, 17 Mo. App. 262; *Linck v. City of Litchfield*, 141 Ill. 469; *Swearingen v. Howser*, 37 Kan. 126; *Haward v. Nalder*, Barnes [Eng.] 60.) In *Wilkowski v. Halle*, 37 Ga. 678, an attachment was held void where the affidavit was made before one of the attorneys who was a notary, but in that state notaries not only take the affidavit, but they approve the bond and issue the writ. This attorney had done all three acts, and the reasoning of the court was entirely directed against permitting him to approve the bond and issue the writ. In *Owens v. Johns*, 59 Mo. 89, the clerk of the court was plaintiff and made the affidavit before his own deputy. This was held void. It was the same as if he had taken his own affidavit. In *Greenvault v. Farmers & Mechanics Bank*, 2 Doug. [Mich.] 498, the affidavit was taken before an officer not authorized to take any affidavits. As pointed out in *Swearingen v. Howser, supra*, there is a clear distinction between the administration of an oath by one not authorized to administer oaths, and the administration of an oath by one generally authorized, but forbidden to do so in a particular case. In the first case no power exists, and the act is a nullity; in the other the power exists, but it has been wrongfully exercised. We have found no cases other than the three commented upon which tend to support the theory that the affidavit was void. We are convinced that it was not and that it was properly received in evidence.

The defendant in his answer pleaded specially a justification under a writ of attachment sued out by the Continental National Bank. He also pleaded by general denial, and offered in evidence the attachment at the suit of the Western Manufacturing Company. It is argued that the court erred in receiving this evidence. It is admitted that the evidence would generally be relevant

under a general denial, but it is asserted that the defendant having elected to plead specially, should be restricted to the special matter pleaded. *Westover v. Vandoran*, 29 Neb. 652, is cited as supporting that contention. In the case cited there was no general denial, and the question was as to the necessity of replying to the special matter pleaded. In *Williams v. Eikenberry*, 22 Neb. 210, it was held that the general denial and special plea of justification were not inconsistent, and that an election between them could not be required, although the special matter might be proved under the general denial. That case rules this. Although the special plea was here superfluous, it did not render irrelevant to the general denial matter which would have been relevant in the absence of the special plea.

There are a few other assignments of error, but they are not discussed in the briefs.

AFFIRMED.