## CITY OF BEATRICE v. MASSLICH.

### (Circuit Court of Appeals, Eighth Circuit. April 22, 1901.)

### No. 1,438.

1. STATUTES—TITLE OF ACT—NEBRASKA CONSTITUTION.

Mere duplicity or surplusage in the title of a legislative act does not affect its validity, under Const. Neb. art. 3, § 11, providing that "no bill shall contain more than one subject and the same shall be clearly expressed in the title," where the act itself contains but one subject, which is plainly expressed in the title; and the subject is sufficiently stated, within such requirement, by a reference to a particular section of the Compiled Statutes of the state, which is an official publication, where the purpose of the act is only to add further provisions to such section, and they are germane.

2. SAME—AMENDATORY ACTS.

The provision of Const. Neb. art. 3, § 11, that "no law shall be amended unless the new act contains the section or sections so amended and the section or sections so amended shall be repealed," does not require a new act to re-enact an entire section and repeal the original section, where its only purpose is to add to such section new and independent provisions.

3. SAME.

A statute is not invalid, although it purports to be amendatory of a prior statute which had been previously amended or has been held invalid, where the provisions of the new statute are independent and complete in themselves.[1]

4. SAME—ACT RELATING TO CITIES—VALIDITY.

The Nebraska act of 1887, entitled "An act to amend sections 27 and 58 and to add subdivisions 58 and 59 to section 22 of article 2 of chapter 14 of the Compiled Statutes, relating to cities of the second class having more than five thousand inhabitants, and to repeal said original sections 27 and 58 of all acts and parts of acts in conflict with this act," is constitutional and valid.

In Error to the Circuit Court of the United States for the District of Nebraska.

---

[1] Amendment of amended, repealed, or invalid statutes, see note to Wire Co. v. Boyce, 44 C. C. A. 590.

George A. Murphy (Mr. Swain and Alburtus H. Kidd, on the brief), for plaintiff in error.

Chester B. Masslich and C. C. Flansburg (R. O. Williams, on the brief), for defendant in error.

Before CALDWELL and SANBORN, Circuit Judges, and ADAMS, District Judge.

CALDWELL, Circuit Judge. Chester B. Masslich, the defendant in error, brought this action against the city of Beatrice, Neb., the plaintiff in error, on certain bonds and interest coupons cut from bonds issued by the city of Beatrice for the purpose of defraying the cost of curbing, guttering, and paving the streets in certain paving districts in that city. The assignments of error challenge the constitutionality of the act under which the bonds were issued, because of alleged defects in the title of the act. The bonds recite that they were issued "under and by virtue of an act of the legislature of the state of Nebraska, being subdivision LVIII. of section 52 of article 2, chapter 14, of the Compiled Statutes of 1887 of the State of Nebraska." The act which became subdivision 58 of section 52 is contained in the Session Laws of 1887, and its full title is as follows:

"An act to amend sections 27 and 58 and to add subdivisions LVIII and LIX to section 52 of article 2, of chapter 14, of the Compiled Statutes relating to 'cities of the second class' having more than five thousand (5,000) inhabitants, and to repeal said original sections 27 and 58 and all acts and parts of acts in conflict with this act."

Section 11 of article 3 of the state constitution provides that:

"No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contains the section or sections so amended and the section or sections so amended shall be repealed.

It is contended that the title of the act does not express its subject with sufficient accuracy and precision. There is apparent duplicity in the title, and it is probably needlessly prolix. In terms it both amends and repeals sections 27 and 58, "and all acts and parts of acts in conflict with this act." All this was mere surplusage in the title. What the act did and what it plainly expressed in its title was to add subdivisions 58 and 59 "to section 52 of article 2 of chapter 14 of the Compiled Statutes," regulating the powers of certain municipal corporations. The added subdivisions were new and original enactments. They were entirely germane to the statute of which they were made a part. The subdivisions and statutes of which they were made a part all related to the powers of certain municipal corporations, and sections 27 and 58 and all other acts in conflict with these new enactments were repealed by implication, and all reference to this fact was mere surplusage. Probably a more concise title would have been:

"An act to add subdivisions 58 and 59 to section 52 of article 2 of chapter 14 of the Compiled Statutes relating to cities of the second class having over five thousand inhabitants."

In legal effect, the act does this, and nothing more, and this is plainly expressed in the title. In Read v. City of Plattsmouth, 107 U. S. 568, 2 Sup. Ct. 208, 27 L. Ed. 414, the supreme court of the United States held that an act entitled "An act to amend the act to incorporate cities of the second class and to define their powers, approved March 1, 1871, and to legalize certain taxes therein mentioned," was not in violation of the constitutional provision of the state of Nebraska now under consideration. The court said, "The act, therefore, may be considered as if its title were simply that of 'An act to legalize certain taxes therein mentioned.'"

The duplicity and prolixity in the title do not render it obnoxious to the constitution, because there is no constitutional inhibition against duplicity and prolixity in the title of an act. In a headnote to the case of Van Horn v. State, 46 Neb. 62, 64 N. W. 365, it is said:

"Whether or not a bill contains more than one subject is to be determined by examining the substance of the bill. Apparent duplicity in the title alone does not invalidate the act."

In discussing this question, Judge Cooley says:

"The legislature must determine for itself how broad and comprehensive shall be the subject of a statute, and how much particularity shall be implied in the title defining it." Cooley, Const. Lim. 144.

It is enough that the subject of the act is clearly expressed in its title. The subject of this act was to add two subdivisions to a specified section of a specified article of the specified chapter of the Compiled Statutes of the state, and this object is clearly expressed in the title. The subject-matter of section 52 was known to all, and the only inquiry is, were the added subdivisions germane to the existing statute of which they were to become a part? Unquestionably, they were, and, that being so, the subject of the act was sufficiently expressed in the title. In Re White, 33 Neb. 812, 51 N. W. 287, the supreme court say:

"The first objection to this act is that it is amendatory of chapter 50, Comp. St., and is not complete in itself, and does not repeal chapter 50. The act in question does not purport to change any part of chapter 50 of the Compiled Statutes, but simply adds thereto additional provisions which are to be incorporated in chapter 50 as sections 21 and 22. This is not prohibited by the constitution. The Compiled Statutes were printed under authority of law, and were supposed to contain a correct compilation of the laws in force in the state when the book was published. Being a standard book, the legislature, in amending a statute, may refer to a particular part of the statute set forth in such work. All that is required in such case is a reasonable degree of certainty as to the statute to be amended."

The subject of a statute is one thing, and its detailed provisions quite another; one is the topic, the other its treatment; one is required to be stated in the title, the other is not. The reference to the section and chapter to which the subdivisions are to be added sufficiently indicates the subject of the act. The supreme court of Nebraska has uniformly held that acts with titles like this, "An act to amend section 4 of chapter 55 of the Compiled Statutes of Nebraska," are valid, and that such a title is a sufficient compliance with the requirements of the constitution. Dogge v. State, 17 Neb. 140, 22 N. W. 348; Muldoon v. Levi, 25 Neb. 457, 41 N. W. 280.

This is the general holding of the courts on the subject. Steele Co. v. Erskine, 39 C. C. A. 173, 98 Fed. 215; City of Omaha v. Union Pac. Ry. Co., 36 U. S. App. 615, 20 C. C. A. 219, 73 Fed. 1013; Swartwout v. Railroad Co., 24 Mich. 389; People v. Pritchard, 21 Mich. 236; People v. Kirsch, 67 Mich. 539, 35 N. W. 157; State v. Read, 49 La. Ann. 1535, 22 South. 193; State v. Stewart, 52 Neb. 243, 71 N. W. 998. If an act to amend a particular section, without setting out the subject-matter of that section or the amendment thereto, has a sufficient title, then, clearly, an act to add subdivisions to a particular section must likewise be sufficient, if upon an inspection of the statutes they are found to be germane.

Another contention of the plaintiff in error is that the act is void because it does not contain the section as amended, and a repeal of the old section. This contention is answered by the suggestion that the act is not amendatory, but a new and independent legislation. In Smith v. State, 34 Neb. 691, 52 N. W. 572, the supreme court said:

"It was not the intention of constitutional prohibition against amendments without repealing the section amended to prevent the amendment of the law upon any given subject by addition thereto of a new and independent provision."

And to the same effect, Madden v. Lancaster Co., 12 C. C. A. 566, 65 Fed. 188; State v. Arnold, 31 Neb. 75, 47 N. W. 694; Strickless v. State, 31 Neb. 674, 48 N. W. 820.

A further and final contention is that the act of 1887 under which the bonds were issued was an amendment to an act passed in 1885 which was an amendment of a still earlier act, and that as the act of 1885 was held to be void by the supreme court of the state in the case of Webster v. City of Hastings, 59 Neb. 563, 81 N. W. 510, the act of 1887, being amendatory of the act of 1885, must fall with that act. But the act of 1887 was not amendatory. It has been declared by the supreme court of the state to be otherwise. In Von Steen v. City of Beatrice, 36 Neb. 421, 54 N. W. 677, the court said:

"In fact, so far as it relates to the power of the city with respect to its streets, alleys, and parks, the act of 1887 covers the entire subject, and must be regarded as the charter of the city, and by implication repeals all prior acts in conflict therewith."

But, if the act of 1887 was treated as amendatory of the act of 1885, the result contended for by the plaintiff in error would not follow. While there is some conflict of opinion on the subject, the decided weight of authority and the better opinion is that an amendatory statute is not invalid, though it purport to amend a statute which had previously been amended or for any reason been held invalid. This question is quite fully considered, and all the authorities cited, in the recent opinion of the United States circuit court of appeals for the Seventh circuit in the case of Wire Co. v. Boyce (C. C. A.) 104 Fed. 172, to which we refer without citing the cases. Finding no error in the record, the judgment of the circuit court is affirmed.