ATTORNEY GENERAL, *ex rel.* REECE, *v.* SHEKELL.

MUNICIPAL CORPORATIONS—OFFICERS—CITY ATTORNEY—APPOINTMENT—TERM—JACKSON CITY CHARTER.

> Under Jackson City Charter of 1903 (Act No. 523, Local Acts 1903, tit. 4, § 5), the term of office of the city attorney appointed May 18, 1903, expired on the first Monday in May, 1904, and he was not entitled to hold office under such appointment for two years.

Quo warranto by Charles A. Blair, attorney general, on the relation of Albert O. Reece, against John E. Shekell to try title to the office of city attorney for the city of Jackson. Submitted November 17, 1904. (Docket No. 276.) Judgment for respondent November 29, 1904.

*John W. Miner*, for relator.

*Wilson & Cobb*, for respondent.

MOORE, C. J. This is a quo warranto proceeding to determine the title to the office of city attorney of the city of Jackson. On the 18th day of May, 1903, relator was appointed to the office by the mayor, which appointment was confirmed by the common council, as required by the charter of said city, which fixed the term of said appointment at two years. Relator entered upon the performance of the duties of the office, and continued to perform them until on or about the 7th day of June, A. D. 1904. At the 1903 session of the legislature a new charter for the city of Jackson was passed, in which the term of the office of city attorney was fixed at one year. On June 6, 1904, the mayor, relying upon the provision of the new charter, appointed the respondent to said office, which appointment was duly confirmed by the common council, and the respondent is now performing the duties of the office. No charges were at any time preferred against the relator, nor was any attempt ever made to remove him, except as stated above.

Relator contends that by virtue of the provisions of the old charter of said city (section 16, chap. 5, Act No. 376, Local Acts 1897) he was appointed to the office for the term of two years, and that, in the absence of an expression of the legislature of its intention to accomplish such a result, relator's term of office cannot be abolished, or in any way interfered with, except by preferring charges and his removal from office, and that relator cannot be removed or his term shortened merely by implication.

Section 16 reads:

" The city attorney shall be appointed by the mayor by and with the consent of the common council, shall hold his office for the term of two years, and in addition to the other duties prescribed in this act, shall be the legal advisor of the council and of all officers of the city, and shall act as the attorney and solicitor for the corporation in all legal proceedings in which the corporation is interested; he shall prosecute for offenses against the ordinances of the city, and shall attend the meetings of the common council and board of public works when required."

It is conceded the legislature has the power to abolish, cut down, abridge, limit, or extend the term of office of an office created by the legislature when not within any constitutional prohibition, but it is said it would lead to unlimited difficulty and confusion if such changes could be brought about by uncertain language used in legislative enactments, or by placing such construction upon an act of the legislature as is arrived at by implication or inference from the terms and language, and not from the unequivocal intent of the act itself.

The important question, then, is, Did the legislature, by the adoption of the new charter, indicate its intention to shorten the term for which relator was appointed? The new charter was signed June 10, 1903, and given immediate effect. See Act No. 523, Local Acts 1903. Section 5, tit. 4, reads as follows:

" The mayor and city attorney shall hold their offices for the term of one year from and including the first Monday in May of the year when chosen and until their successors are elected or appointed and qualified and enter upon the duties of their respective offices: *Provided,* that the first appointment for city attorney hereunder, shall be made on the first Monday in May of the year nineteen hundred four, and that the appointment of city attorney before said date shall be made in accordance with the provisions of section sixteen of chapter five of the charter of the city of Jackson, as amended by Act number three hundred seventy six of the Local Acts of the State of Michigan for the year eighteen hundred ninety seven."

It is claimed by relator that the latter part of this section indicates an intention either to continue him in office for the full term for which he was appointed, or is so ambiguous that it cannot be said to indicate an intention to shorten his term of office. It is also urged that the provision for the first appointment on the first Monday in May, 1904, is a clerical error, and should have read the first Monday in May, 1905. It must be confessed that, taking all the provisions of the section, they are not as clear as one could wish. We may take notice that the bill which

finally became Act No. 523 was introduced into the legislature before the relator was elected to the office of city attorney. At that time it was not known whether the bill would become a law before the appointment of a city attorney in the spring of 1903, and it was doubtless to provide for that contingency that the latter portion of the section was framed as it is. While it provides that any appointment made before the first Monday in May, 1904, shall be made in accordance with the provisions of the old charter, there is nothing to indicate the intention of the legislature to have it continue for the term fixed in the old charter. Indeed, the language of the section is inconsistent with that idea, for it in express terms provides "that the first appointment for city attorney hereunder shall be made on the first Monday in May, 1904." This left the term of the relator a one-year term, and all of his successors under the terms of the new charter were to be elected to one-year terms. This had the effect of having the terms of the mayor and of the city attorney commence and end at the same time. We do not think we would be warranted in saying the legislature intended the first appointment under the new charter to be made the first Monday in May, 1905, when they have clearly expressed their intention to have it occur the first Monday in May, 1904. We think the respondent was legally appointed.

The prayer for judgment of ouster is denied.

The other Justices concurred.