ATTORNEY GENERAL, ex rel. BURBANK, v. STRYKER.

1. STATUTES—AMENDATORY ACTS—VALIDITY.
A statute purporting to amend a repealed statute is valid, where the provisions of the new statute are independent and complete in themselves.

2. SAME—TITLE OF BILL—INACCURACY—EFFECT.
An inaccuracy in the title of a bill as first introduced, arising from its failure to allude to an amendment of a prior statute intended to be amended by the bill, is not fatal, where the intention to amend the section then in force is apparent.

3. SAME—SUBSTITUTED BILL—TIME FOR INTRODUCTION.
A bill, disclosing in its title a purpose to amend the general drain law, was read twice by title and referred to committee, who reported back a substitute with a title disclosing a purpose to provide for the election of a drain commissioner in Berrien county. Held, that it must be presumed that the purpose of the original bill was the same as that disclosed by the title to the substitute, and that therefore the substitute was germane to the purpose of the original and a valid enact-

ment, though not presented by the committee until after expiration of the 50-day limit for the introduction of bills.

4. DRAINS — ELECTION OF COMMISSIONER — STATUTE — IMPLIED AMENDMENT.

Act No. 448, Local Acts 1903, providing for the election of county drain commissioner in the county of Berrien, is an amendment by implication of Act No. 254, Pub. Acts 1897, as amended by Act No. 272, Pub. Acts 1899, authorizing the board of supervisors of each county to appoint a drain commissioner, and a person elected pursuant to the act of 1903 is entitled to the office as against an incumbent holding under an appointment under the prior general law.

Quo warranto proceedings by Henry E. Chase, deputy attorney general, on the relation of John E. Burbank, against Frank A. Stryker to try the title to the office of drain commissioner of Berrien county. Submitted May 2, 1905. (Docket No. 225.) Judgment of ouster entered September 28, 1905.

*Henry E. Chase* ( *Gore & Harvey*, of counsel), in pro. per.

*A. A. Worthington* and *M. L. Howell*, for respondent.

OSTRANDER, J. The respondent was duly appointed drain commissioner of Berrien county October 14, 1903, pursuant to the provisions of section 1 of chapter 2 of Act No. 272, Pub. Acts 1899. This act is amendatory of certain sections of, and adds certain sections to, Act No. 254, Pub. Acts 1897, entitled " An act to provide for the construction and maintenance of drains, and the assessment and collection of taxes therefor, and to repeal all other laws relative thereto." For convenience, the section is quoted:

" The board of supervisors of each organized county in this State shall, at their annual meeting in the year eighteen hundred and ninety-seven and every second year thereafter, appoint one county drain commissioner, whose term of office shall be two years, and shall begin on the first day of January following his appointment. All

county drain commissioners holding office at the time that this act takes effect shall continue in office until the first day of January, eighteen hundred and ninety-eight. In case of vacancy in the office of the county drain commissioner occurring thirty days or more previous to a regular or special meeting of the board of supervisors, the same may be filed within ten days, or as soon thereafter as practicable, by appointment by a majority vote of the county clerk, prosecuting attorney and judge of probate of the county and of which election they shall file the certificate with the county clerk, and the person so appointed shall hold his office until the next regular or special meeting of the board of supervisors, when the said board shall fill such vacancy. Every county drain commissioner shall, within ten days after his appointment, take, subscribe and file with the county clerk the oath of office required by the Constitution of this State and shall also within the same time execute and file with such clerk a bond to the county in the penal sum of ten thousand dollars with two or more sufficient sureties to be approved by such clerk, conditioned upon the faithful discharge of the duties of his office. It shall be the duty of the county clerk, upon the appointment of any county drain commissioner, to make report thereof to the secretary of State, giving also the date he qualified and entered upon the discharge of his duties."

It changes the corresponding section in the law of 1897 only by increasing the penalty of the required bond from $5,000 to $10,000.

Respondent qualified, and on January 1, 1904, entered upon the duties of the office. Relator was duly elected in November, 1904, pursuant to an act of the legislature approved April 30, 1903, being Act No. 448, Local Acts 1903, which reads as follows:

" An act to provide for the election of county drain commissioner in the county of Berrien.

" *The People of the State of Michigan enact:*

" SECTION 1. At the regular biennial election to be held on the Tuesday succeeding the first Monday in November, nineteen hundred four, and each two years thereafter, there shall be chosen in Berrien county, in this State, by the qualified electors thereof, on the same ticket as the other county officers, a county drain commissioner, whose term of office shall begin on the first day of January fol-

lowing his election, and continue for two years. Before entering on the duties of his office said duly elected drain commissioner shall take and file with the county clerk the constitutional oath of office, and shall also file a bond in the penal sum of five thousand dollars, conditioned on the faithful discharge of the duties of his office, which bond, before filing, shall have been approved by the board of supervisors. It shall be the duty of the county clerk to make report to the secretary of State of the election and qualification of the county drain commissioner, as a part of his report of the election and qualification of the county officers.

"This act is ordered to take immediate effect."

Having taken the oath of office and filed an official bond in the sum of $5,000, approved by the board of supervisors, he demanded of respondent the office and the books and papers thereto belonging. His demand was refused, and this proceeding was instituted.

The legislative history of the act last mentioned is here given: There was introduced in the house of representatives February 10, 1903, House Bill No. 210, entitled:

"A bill to amend section 1 of chapter 2 of Act No. 254 of the Public Acts of 1897, entitled 'An act to provide for the construction and maintenance of drains, and the assessment and collection of taxes therefor, and to repeal all other laws relative thereto,' approved June 2, 1897, and to repeal section 2 of said act."

There is a section 2 in each of the nine chapters of the act. The bill was read a first and second time by its title and referred to the committee on drainage. This committee, on March 17, 1903, reported back the bill, with an accompanying substitute therefor, entitled "A bill to provide for the election of county drain commissioner in the county of Berrien," and recommended that the substitute be concurred in and that the bill as substituted pass. The report was accepted and the committee discharged; and, the question being on the adoption of the proposed substitute, it was adopted. The rules were suspended, the bill placed on its immediate passage, read a third time, passed, and given immediate effect. This action of the house

was, in the regular course of business, communicated to the senate, where it was also passed, and also given immediate effect. The bill was signed by the governor.

The record presents the single question of the validity of this act. The specifications of the attack made upon it are:

1. House Bill No. 210 proposed to amend a particular section of a particular act, which section had been repealed when the bill was introduced.

2. The substitute for House Bill No. 210 is an independent legislative enactment, and was introduced more than 50 days after the beginning of the session.

3. Local Act No. 448 does not in terms repeal the provisions of the general law relating to drains, nor can it be held to repeal by implication any particular section of the general law.

4. That if Local Act No. 448 has been legally enacted and has any force, it will operate to suspend a general law of the State in a particular locality.

On the part of the relator it is contended that the case is ruled by *Attorney General, ex rel. Reece,* v. *Shekell,* 138 Mich. 287. In that case relator had been appointed to the office of city attorney under a city charter which fixed the term of his office at two years. The legislature, during his term, gave to the city a new charter in which the term was fixed at one year. Respondent was appointed city attorney under the provisions of the new charter, and was performing the duties of the office when the information was filed. It was conceded that the legislature has the power to abolish, cut down, abridge, limit, or extend the term of office of an officer created by the legislature, if not prohibited by the Constitution. The only question was whether the legislature had in the new charter clearly and sufficiently expressed the intention to make the term of the particular office a one-year term in place of a two-year term, as it had been under the former charter, and in so doing to deprive respondent of one year of the term for which he had been appointed. Relator's contention was based upon certain

language in section 5, tit. 4, of the act (Act No. 523, Local Acts 1903), which language this court held did not support the contention. An altogether different question is presented upon this record. The act which we are considering does not abolish, cut down, abridge, limit, or extend a term of office. Its effect, it is true, will be, if the law is valid, to shorten the term for which respondent was appointed. The further effect of the act, if valid, is to repeal by implication section 1 of chapter 2 of the general law in Berrien county; to create a term of office beginning January 1, 1905, instead of beginning, as it does in all other counties, on January 1, 1904; to take from the supervisors of that county the power to appoint the drain commissioner; and to fix the penal sum of the bond at one-half that required in other counties.

As to the first contention of respondent, which is that, because the particular section of the law of 1897 had been repealed by the law of 1899, an act to amend the repeal section could have no force, there is conflict of authority. It was held in *City of Beatrice* v. *Masslich*, 47 C. C. A. 657, that, where the provisions of the new statute were independent and complete in themselves, the objection was not good. See, also, the cases collected and reviewed in note to *Columbia Wire Co.* v. *Boyce*, 44 C. C. A. 588.

The inaccuracy in the title of the bill as first introduced, failing as it does to allude to the amendment of section 1, chap. 2, made in 1899, is not fatal. There could be no doubt of the intention to amend the section then in force; the identification not being difficult, if the text of the bill did not correct it, which it may have done. *Attorney General* v. *Rice*, 64 Mich. 385; *Brooks* v. *Hydorn*, 76 Mich. 273.

The substitute was not reported within the first 50 days of the session. Whether the legislation is void for that reason must depend upon the question whether the act, as passed, is germane to the general purpose of the bill as first introduced; i. e., 210. The purpose of the substitute

is plain.    It was to make Berrien county exceptional in the method of the selection of a drain commissioner. That must be supposed to have been the purpose of bill 210, and, if so, that bill would have made a valid law, although the particular nature of the proposed amendment was not shown by the title, if such exceptional provisions could have been made a part of the drain laws originally enacted.    We are of the opinion that such a provision would have been valid.    See *Common Council of Detroit* v. *Schmid*, 128 Mich. 379, where the authorities are cited, and *People, ex rel. Board of Sup'rs of Kent Co.,* v. *Loomis*, 135 Mich. 556.

It is urged that this substitute is not germane, because it cannot be said to be an amendment to section 1, chap. 2, or some other section, of the drain law, and because it is not a general provision, but a local measure.    Had its provisions appeared in the original section, the particular provision would have been no more general, and no less local, than it is now.    Hence, if right in saying that it would then have been valid, it would seem that it must be valid now.    Again, while this does not in express terms amend section 1 as it stood, it is an unmistakable amendment by implication of that section.

The relator should have judgment of ouster, with costs.

MOORE, C. J., and CARPENTER, McALVAY, and HOOKER, JJ., concurred.