JAMES W. COLLINS, PLAINTIFF IN ERROR, V. WILLIAM STEWART, DEFENDANT IN ERROR.

An Affidavit taken before an attorney in the case may, on motion, be stricken from the files.

ERROR to the district court for York county. Tried below before GEORGE W. POST, J.

*Sedgwick & Power*, for plaintiff in error.

*George B. France*, for defendant in error.

MAXWELL, J.

The plaintiff commenced an action by attachment against the property of the defendant, upon the ground that he was a non-resident. The defendant appeared in the action and denied that he was a non-resident, and filed certain affidavits tending to show that he was a resident of the state, and on the hearing the court so found, and discharged the attachment. Two of the principal affidavits filed by the defendant to show that he was a resident of the state were sworn to before the attorney for the defendant. The attorneys for the plaintiff moved to strike these affidavits from the files for that reason. The motion was overruled, to

which the plaintiff excepted and now assigns the same for error.

Sec. 376 of the code provides that the officer before whom depositions are taken must not be a relative or attorney. of either party, or otherwise interested in the action or proceeding.

Sec. 371 provides that an affidavit may be made in and out of this state, before any person authorized to take depositions, etc.

The statute merely adopts the rule of the common law. *Taylor v. Hatch*, 12 Johns., 340. *King v. Wallace*, 3 Term R., 403. If a deposition must be taken before an entirely disinterested party—one having no motive to color the evidence—how much more important that the person before whom an *ex parte* affidavit is taken shall be free from interest and bias. The court should have stricken the affidavits in question from the files, and for its failure to do so the judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.