EDWARD J. SMITH, TRUSTEE, APPELLEE, v. JONAH B. ALLEN ET AL., APPELLEES, IMPLEADED WITH JAMES A. OLLIS, JR., ET AL., APPELLANTS.

FILED NOVEMBER 20, 1901. No. 10,521.

Commissioner's opinion, Department No. 3.

1. **Denial: ISSUE.** A denial, though coupled with an allegation showing a lack of knowledge of the matters denied, is sufficient to raise an issue.

2. ———: ———. INFORMATION AND BELIEF. A party entering such denial is not required to state that he makes the same on information and belief, nor to allege a lack of knowledge or information sufficient to form a belief.

3. **Cross-Petition: FAILURE TO TRAVERSE: FINDING: SUFFICIENT EVIDENCE.** A party failing to plead to a cross-petition, the court having jurisdiction of his person, will not be heard to say that an adverse finding thereon is not sustained by sufficient evidence.

4. ————: NOTICE. A cross-petition was filed after the answer day
fixed by the summons. Thereafter some of the other defendants
filed answers to the original petition, and were represented by
attorneys at the trial of the case. *Held*, That such defendants
are chargeable with notice of the filing of the cross-petition
and, as to them, no summons thereon was required.

APPEAL from the district court for Douglas county.
Heard below before FAWCETT, J. *Reversed in part.*

*J. W. Eller* and *E. J. Clements,* for appellants.

*Tibbets Bros., Morey & Anderson* and *James H. Van
Dusen, contra.*

Argued orally by *Eller,* for appellants; by *Tibbets Bros.*
and *Van Dusen, contra.*

ALBERT, C.

The plaintiff, Edward J. Smith, brought this action as
trustee of the estate of Philo R. Hurd, deceased, against
the defendants, W. B. Van Sant, James A. Ollis, G. W.
Stancliffe and others, not necessary to mention, to fore-
close a real estate mortgage. The defendant Van Sant
filed an answer and cross-petition, asking the foreclosure
of another mortgage on the same property. The other de-
fendants above named each filed an answer to the petition,
but failed to plead to the cross-petition. A trial was had,
resulting in a finding and decree for the plaintiff and the
cross-petitioner, in accordance with the prayer of their
respective petitions. The case is here on appeal.

One ground urged for a reversal of the decree is that the
evidence fails to show that no action at law had been had
for the recovery of the debts secured by the respective
mortgages. That such fact must be alleged, and, if denied,
proved, to warrant a decree of foreclosure, is too well es-
tablished to admit of controversy. *Jones v. Burtis,* 57
Nebr., 604; *Kirby v. Shrader,* 58 Nebr., 316. That it
was not proved in this case is conceded. But, on behalf of
the plaintiff, it is urged that such fact is alleged in his

petition and is met by no sufficient denial in the answers. The allegation referred to is made in paragraph 6 of plaintiff's petition. The answers of the appellants, among other things, each contain the following: "Relating to the allegations in said petition contained in paragraphs 1 to 10, inclusive, he (the defendant) has no personal knowledge and denies each and every allegation therein." Plaintiff contends that a defendant has no right to interpose an unqualified denial, except on positive knowledge, and lacking positive knowledge, he must deny on information and belief or allege a lack of knowledge or information sufficient to form a belief. That such rule prevails in many of the code states is true; but it is based on a statutory requirement to that effect which is not to be found in our Code of Procedure. As regards denials, the only requirement of our Code is that contained in section 99, which is as follows: "The answer shall contain: First—A general or specific denial of each material allegation of the petition controverted by the defendant. Second—A statement of any new matter constituting a defense, counter-claim, or set-off, in ordinary and concise language and without repetition." It will be seen that no specific provision is made for a denial, where the defendant lacks positive knowledge, or upon information and belief. However wise such provision might be, this court has no authority to supply it. Are we to infer then, from this, that the authors of the Code intended to force the defendant to the alternative of admitting allegations of the truth of which he had no knowledge, or to verify an unqualified denial of such matters? We think not. It seems to us to be more consistent with the spirit of the Code to permit the defendant to spare his conscience by a disclaimer of knowledge, and at the same time enter a denial for the purpose of putting the plaintiff to the proof of his allegations. The denials were sufficient in this case, and the failure of the plaintiff to establish the allegation mentioned is fatal to his decree. The other questions discussed in this connection are not likely to arise on another trial.

As regards the cross-petitioner, Van Sant, the defendants, having failed to plead to his cross-petition, will not now be heard to say that any of the allegations therein contained are not established by the evidence. *Gadsden v. Thrush,* 56 Nebr., 565. But the defendants insist that the decree in favor of Van Sant must be reversed, because his cross-petition was filed after the answer day fixed by the summons served on them. In support of this proposition they cite *Havemeyer v. Paul,* 45 Nebr., 373. That case is not in point. There the supplemental petition was filed after the answer day and after the defendant had answered. After answering, he made no further appearance in the case. In the case at bar, the defendants filed answers to the plaintiff's petition after the cross-petition of Van Sant was filed, and were present, by their attorney, at the trial of the case. Under such circumstances, they are chargeable with notice of the filing of the cross-petition and no summons thereon was required, so far as they are concerned.

It is recommended that the decree in favor of the cross-petitioner, Van Sant, be affirmed, and that in favor of the plaintiff be reversed and the cause be remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, that portion of the decree of the district court in favor of the cross-petitioner, Van Sant, is affirmed, and that portion of the decree in favor of the plaintiff is reversed, and the cause remanded for further proceedings according to law.

JUDGMENT ACCORDINGLY.