CHARLES R. WHEELER ET AL., APPELLEES, V. W. D. MOORE ET AL., APPELLANTS.

FILED MARCH 7, 1907. No. 14,700.

Parol Evidence. In the absence of ambiguity, and of fraud, accident or mistake, parol evidence is not admissible to assist in the interpretation of a written contract.

APPEAL from the district court for Nuckolls county: LESLIE G. HURD, JUDGE. *Affirmed.*

*R. D. Sutherland* and *S. W. Christy,* for appellants.

*H. H. Mauck* and *G. W. Stubbs, contra.*

AMES, C.

Plaintiffs were owners of a building constructed and used for hotel purposes in the village of Nelson in this state. Nearby and upon the same grounds was a well, from which water was pumped by a windmill into a

reservoir and distributed through a system of mains and pipes through the building. In January, 1903, plaintiffs demised the premises, "including the use of the heating plant and water system and plumbing, as all now connected up," for a term of years at an annual rental payable in monthly instalments. The lease contained no covenant or warranty that the premises or appurtenances were or would be sufficient or adapted to the uses intended, nor any covenant respecting repairs or maintenance, except the following: "And it is further covenanted and agreed between the parties aforesaid that the heating of the premises, and the supplying of water, is to be operated and maintained by the party of the second part at their expense; that party of the first part will keep up all outside repairs of building, roof, etc., but that party of the second part are to make all inside alterations, repairs, etc. including heating and plumbing subject to approval of the party of the first part. And party of the first part is hereby given the privilege to make connections to, and to extend, heating, water and sewer systems, not materially affecting their use for hotel purposes as above provided." For some reason not clearly set forth in the briefs or arguments of counsel, but, as we infer, from lack of capacity of the well, the water furnished by the well proved inadequate to the needs of the lessees in their business of hotel keepers carried on in the building, and they were compelled at great expense to themselvs to supply the deficiency from other sources. By mutual consent and agreement the lessors made an ineffectual attempt to remedy the evil by sinking another well elsewhere and connecting it with the existing system of pipes, which was for that purpose disconnected from the old well, but there was no covenant or stipulation in the lease by which they were bound so to do, nor is it complained that the attempt inflicted in any way any injury upon the lessees. This is an action to collect certain overdue instalments of rent and also for certain moneys expended by the lessors for repairs which the lessees had covenanted by the lease

to make at their own expense. The defendants pleaded by way of set-off or counterclaim that the water supply had proved wholly insufficient, and they had been obliged to supplement it at great expense, and that by reason of the deficiency, beyond what they had been able to make good, they had been deprived of the use of bath and lavatory rooms to their damage in a large sum. The court disallowed the defense and directed a verdict for the plaintiffs, from a judgment upon which the defendants appealed.

We quite agree with the trial court that there is no ambiguity in the above quoted clause of the lease, justifying its explanation by oral testimony; nor do counsel for appellants, if we understand them correctly, contend that, strictly speaking, there is such an ambiguity, but they seem to say that at the time they accepted the lease they understood and believed, as they supposed did also the plaintiffs, that the well and its connections would furnish a sufficiency of water for the needs of their business in the building, and that therefore the words in the lease, "a water system as now connected up," should be interpreted in the sense in which both parties, as they allege, understood it, to wit, as meaning "a water system of sufficient capacity connected up as now," and that whether the parties did so understand the matter or were justified in so understanding, is a question of fact which should have been left to the jury. Counsel have, however, cited to us no authority, and we know of none, for adopting such a means or method of construction in a case in which there is no apparent ambiguity in the language of the contract, nor any doubt raised by parol as to the subject matter to which an application of such language was intended by the parties to be made. It is not a case in which it is shown that there is more than one subject of which the language used is adequately descriptive, so as to call for parol evidence of identification, nor is there any accusation of fraud or misrepresentation. The mere fact, if it is a fact, that either or both parties fell

into a mistake as to the sufficiency of the well and water supply system does not justify the court in setting their contract aside and substituting another in its stead.

It is recommended, therefore, that the judgment of the district court be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.