MALCOM SAVINGS BANK, APPELLANT, V. D. J. CRONIN,
APPELLEE.*

FILED DECEMBER 5, 1907. NO. 15,011.

1. Affidavits taken and subscribed before a notary public, who is also
   an attorney in the case, cannot be used in support of an attach-
   ment issued therein against the objections of the defendant.

2. **Trial:** EVIDENCE: ADMISSIBILITY. The courts of this state are not
   bound by the rules of evidence adopted in another jurisdiction,
   but must be governed in the admission of evidence by the law
   prescribed by our own legislature.

APPEAL from the district court for Holt county. JAMES
J. HARRINGTON, JUDGE. *Affirmed.*

*R. R. Dickson,* for appellant.

*Arthur F. Mullen, contra.*

DUFFIE, C.

The plaintiff commenced this action on a promissory
note executed by the defendant to James Duffus, a resi-
dent of Poweshiek county, Iowa, September 30, 1905. The
note is for $2,110, and represents the purchase price of
certain registered cattle bought by Cronin from Duffus
on the date the note was given. This note Duffus sold and
transferred to the Malcom Savings Bank. The plaintiff,
at the time of commencing the action, obtained an attach-
ment against the property of the defendant, alleging as
grounds therefor "that the defendant fraudulently con-
tracted the debt for which suit has been brought, and that
the defendant fraudulently incurred the obligation for
which suit has been brought." Defendant filed a motion
to dissolve the attachment, alleging, among other grounds,
that the statement of facts in the affidavit therefor were
untrue. This motion came on for hearing before the court
November 17, 1906, and an order was then entered requir-
ing plaintiff to file his affidavits in support of the attach-

---

* Rehearing denied. See opinion, p. 231, *post.*

ment by November 26, and giving the defendant until December 1, 1906; the plaintiff was allowed until December 10 to file counter affidavits, and on December 11, 1906, the motion was heard by the court upon affidavits filed by the parties, and the attachment dissolved. The plaintiff has appealed from the order dissolving the attachment, and the defendant has filed a cross-appeal complaining of the action of the court in receiving certain affidavits offered by the plaintiff in support of its attachment.

The cattle for which the note in suit was given were purchased by Cronin in Poweshiek county, Iowa, at a sale of fine stock had by Duffus. One A. P. Meigs was clerk at the sale. The affidavits of Duffus and Meigs were used in support of the attachment, and are to the effect that in order to obtain credit on his purchase, and to induce Duffus to accept this note, Cronin represented to them that he was the owner of 1,200 acres of land in Holt county, worth $20 an acre; that it was free and clear of all liens, except a mortgage of $5,000; that he was the owner of a large number of fine cattle, horses and other valuable property, which were free and clear of all liens; and that the $5,000 incumbrance upon his land was his only indebtedness. These were the principal affidavits offered in support of the attachment, and the only ones tending to show any false or fraudulent representations made by the defendant to obtain credit. These affidavits were taken in Iowa before H. E. Boyd, a notary public, who was also an attorney of record in this case. When these affidavits were offered in evidence, the defendant objected to their introduction, for the reason that they were executed before a notary public who appeared as counsel in the case, and he further moved to strike the affidavits from the file for the same reason. The court overruled both the objection and the motion to strike the affidavits from the file, to which ruling an exception was entered.

It was a rule of common law that affidavits taken before an attorney in the case could not be used in evidence, if

objected to. *Collins v. Stewart,* 16 Neb. 52. In 1887 our legislature made an attempt to change this rule of the common law by an amendment to section 118 of the code, the amendment being to the following effect: "And nothing herein shall be construed to prohibit an attorney at law, who is a notary public from swearing a client to any pleading or other paper or affidavit in any proceeding in any of the courts of this state." Laws 1887, ch. 93. The effect of this amendment was before the court in *Horkey v. Kendall,* 53 Neb. 522, and it was there held: "The amendment of 1887 to section 118 of the code, notwithstanding its general language, cannot be held to apply to affidavits, other than those verifying pleadings, without giving the amending act a construction which would render it violative of section 11, art. III, constitution." A careful reading of the opinion in this case satisfies us of its correctness, and that to give full effect to the amendment would be to further hold that it amended section 371 of the code, which is not mentioned or referred to in the amendatory act. Boyd, the notary who took the affidavits, was present at the trial, and his testimony was taken to the effect that the laws of Iowa, where the affidavits were taken and subscribed, do not prohibit an attorney from taking and certifying an affidavit to be used in the case. We do not see how the practice in Iowa can have any bearing upon the question. The rules of evidence to be enforced by our courts are those established by our own legislature, and not the legislature or rules of court adopted in another jurisdiction. *Sulpho-Saline Bath Co. v. Allen,* 66 Neb. 295. The court erred in receiving the affidavits objected to, and their statements cannot be considered by this court. These affidavits being out of the case, there is nothing in the record to sustain the attachment as against the showing made by the defendant.

We therefore recommend an affirmance of the order dissolving the attachment.

EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order dissolving the attachment is

AFFIRMED.

The following opinion on motion for rehearing was filed April 23, 1908. *Rehearing denied:*

1. **Affidavits:** OBJECTIONS. Section 371 of the code, providing that an affidavit may be made before any person authorized to take depositions, cannot inferentially be construed as requiring that objections to affidavits as evidence shall be made in the manner provided by statute for the filing of objections to depositions.

2. **Appeal:** ESTOPPEL. A party cannot take advantage of the court's erroneous rulings which he invokes.

3. **Attachment:** MOTION TO DISSOLVE: BURDEN OF PROOF. Where the grounds relied on to support an attachment are positively denied by the oath of the defendant, the burden is upon the plaintiff to prove his grounds for attachment by a preponderance of evidence.

EPPERSON, C.

In its motion for rehearing the plaintiff urges that, because we held that the affidavits upon which plaintiff relied to support its attachment were incompetent because sworn to before its attorney, who was a notary public, we should have remanded the case for a rehearing upon its merits. Plaintiff insists that defendant's objections to the affidavits should have been interposed before trial in the manner provided by statute for the filing of objections to depositions. Section 371 of the code, providing that an affidavit may be made before any person authorized to take depositions, cannot inferentially be construed as requiring that objections to affidavits as evidence shall be made in the manner provided by statute for interposing objections to depositions.

Again, it is not made clear as to how the rule invoked by appellant would avail him. The trial court admitted the affidavits in evidence. He undoubtedly would have admitted them, had the objection been made in a different form. Plaintiff cannot take advantage of the erroneous rulings of the court which he invokes. A party litigant

must in the first instance be the judge of the competency of his evidence, and, upon objection being interposed by the adverse party, it is his privilege to submit to the objection made, and if he submits to the objection, or his evidence be held incompetent because of the form in which it is presented, the trial court should, in cases such as the one at bar, grant a continuance, if necessary, that the evidence may be presented in its proper form. Where a party refuses or fails to submit to his adversary's objection, but insists upon presenting the incompetent evidence, he does so at his peril. This court can consider none but the competent evidence presented by the record.

There is another reason for refusing a rehearing of this case. The facts appearing in the objectionable affidavits are competent as evidence, although not presented in acceptable form. For this reason, we have examined the affidavits to ascertain whether or not appellant has been prejudiced by its failure to properly present them. Plaintiff relies upon alleged misrepresentations of defendant as to his financial condition made when the debt was incurred. The affidavits refer to conversations in which it is claimed that defendant misrepresented his financial condition. No two of plaintiff's witnesses swear to the same conversation. Defendant denies each controlling fact sworn to by plaintiff's witnesses. It was one man's evidence against another's. If defendant's evidence is true, plaintiff is not entitled to an attachment. The rule is well established in this court that, where the allegations made in support of an attachment are denied by the oath of the defendant, the burden is upon the plaintiff to prove his alleged grounds for attachment by a preponderance of the evidence. *Geneva Nat. Bank v. Bailor*, 48 Neb. 866; *Dolan v. Armstrong*, 35 Neb. 339. The plaintiff did not successfully carry the burden of proof.

We recommend that the motion for a rehearing be overruled.

DUFFIE and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, plaintiff's motion for a rehearing is

OVERRULED.