HITCHCOCK COUNTY, APPELLANT, V. JOHN W. COLE ET AL., APPELLEES.

FILED DECEMBER 18, 1907.  No. 14,919.

1. **Judicial Sale: PURCHASER.**  The purchaser of real property at a judicial sale buys at his peril.

2. **Tax Sale: REDEMPTION: RECOVERY BY PURCHASER.**  Under the facts stated, the purchaser should recover the purchase money paid by him from the redemptioner, and not from the plaintiff.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE.  *Reversed.*

*W. S. Morlan,* for appellant.

*J. W. Cole, contra.*

JACKSON, C.

The county of Hitchcock had a decree foreclosing a lien for taxes on land in that county.  Among the defendants in the action were John W. Cole and William Keeler. Service on William Keeler was had by publication.  The decree was by default, and resulted in a sale of the land to Conrad Wagner for $451.  The sale was confirmed, and after payment of the amount due the county and the costs there remained an excess, which appears to have been paid over to John W. Cole.  Within two years from the

date of the sale the heirs of William Keeler applied to the court where the decree was entered to have the decree set aside and to be permitted to defend. It appears that William Keeler held a mortgage on the land involved, and that during his lifetime this mortgage was foreclosed and the land sold to Keeler, but that no sheriff's deed had issued. Upon the final hearing of this cause in the district court, the sale in the tax proceeding was vacated and the heirs of William Keeler were permitted to redeem upon payment to Wagner of the sum of $225, the amount of the tax lien and certain costs. Title to the premises was quieted in the heirs of Keeler, and by the same decree Conrad Wagner was given judgment against the county of Hitchcock for the sum of $226, which the court found to be the remainder due him as purchase money paid at the tax sale after the receipt of the redemption money. The county of Hitchcock appeals.

It is not seriously contended by the appellee, Wagner, that as a matter of law the county was liable to him for any part of the purchase money paid at the sale under the tax foreclosure proceedings. What he seems to contend is that, under the condition of the pleadings, the judgment ought not to be disturbed. After the decree had been vacated and an issue tendered by the heirs of William Keeler, Conrad Wagner pleaded both to the plaintiff's petition and to the answer and cross-petition of the heirs of Keeler. The plea contains an allegation that, acting under the advice of the plaintiff and its attorney and officers, he was led to believe, and did believe, that the plaintiff had a good, valid and subsisting judgment and decree against the lands by virtue of the decree, and that, relying upon said representations of the plaintiff and the files and records of the court, he proceeded in good faith to purchase the lands and paid the sum of $451. The prayer was that, in the event that the title was not quieted in him by virtue of the sale in the tax foreclosure proceedings, he have judgment both against the county and the heirs at law of William Keeler for the amount of purchase money,

with interest, and costs. The county did not plead to Wagner's answer, and it is insisted that Wagner's plea is sufficient to sustain the judgment. In that contention we do not concur. The purchaser at a judicial sale buys at his peril, and the plaintiff is not liable to such purchaser on account of defective title. Under the circumstances, Wagner should have been reimbursed for the full amount of the purchase money, but the order should have been against the persons seeking to redeem. *Wood v. Speck,* 78 Neb. 435.

There is no theory upon which the judgment of the district court can be sustained, and it is recommended that the judgment be reversed and the cause remanded.

AMES and CALKINS, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.