Hitchcock County v. John W. Cole et al., appellants; Conrad Wagner, appellee.

Filed May 23, 1910.   No. 15,992.

Judgment: Vacating.  A district court has no jurisdiction to vacate its own judgment in a cause after the term at which such judgment was rendered, except by petition in equity, or in accordance with the provisions of section 602 of the code.

Appeal from the district court for Hitchcock county: Robert C. Orr, Judge.  *Reversed with directions.*

*C. H. Boyle* and *C. E. Eldred,* for appellants.

*John W. Cole* and *Morlan, Ritchie & Wolff,* contra.

Letton, J.

At the April, 1906, term of the district court for Hitchcock county a decree was entered in this action allowing certain real estate to be redeemed from a tax foreclosure sale, upon the appellants, the executrices of the estate of William Keeler, deceased, paying to Conrad Wagner, the purchaser at the sale, who had purchased the premises for the sum of $451 the sum of $225, being the amount of the tax lien and costs, and giving Wagner judgment against Hitchcock county for $226, being the amount of purchase money paid by him in excess of the amount of the tax lien and costs.

On an appeal from this judgment by Hitchcock county, it was decided by this court (*Hitchcock County v. Cole,* 80 Neb. 375) that t'.e judgment against Hitchcock county was erroneous, that Wagner should have been reimbursed for the full amount of the purchase money, but that the order should have been against the persons seeking to redeem, and not against the county. The judgment of the district court was reversed and the cause remanded. On March 12, 1908, after the cause had been remanded, a motion was filed in the district court by Wagner, moving the court to set aside and vacate the order made in April, 1906, allowing the executrices to redeem for $225 upon the payment into court by Wagner for their use the sum of $225 and costs, or that the balance of $407.24 still due him under the laws of the state be declared a first lien on the premises, and execution awarded. Objections to the jurisdiction of the court were filed by the executrices on the ground that the decree sought to be set aside was entered April 19, 1906, the motion was not filed until April 12, 1908, and at a subsequent term, and that the court had no power to vacate, set aside or modify the former decree at this time. These objections were overruled, and the motion was sustained. The order allowing redemption on payment of $225, made at the April, 1906, term, was set aside, and it was ordered that unless the defendants seeking to redeem shall pay to Wagner within 40 days the sum of $407.24, balance due on purchase price, and costs, the same is declared a first lien on the premises, and if not paid within 40 days that the order vacating the order of redemption shall be deemed final. Exceptions were duly taken to the several rulings, and the executrices have appealed from this order.

The order is clearly erroneous. The decree rendered at the April, 1906, term, fixing the amount to be paid to Wagner in order to redeem from the sale, was not appealed from. The only appeal taken was by Hitchcock county from the judgment against it and in favor of Wagner. The decree rendered upon the issues raised be-

tween Wagner and the defendants seeking to redeem was not affected by this appeal. *Polk v. Covell,* 43 Neb. 884. The matters in controversy between Wagner and such defendants were adjudicated by this decree, and, no appeal having been taken by either of these parties therefrom, the decree, after the expiration of the term at which it was rendered, could not be opened up or set aside except for one of the grounds mentioned in section 602 of the code, or by an original action in equity founded upon some recognized ground for equitable relief. *Sherman County v. Nichols,* 65 Neb. 250; *McGrew v. State Bank,* 60 Neb. 716; *Dillon v. Chicago, K. & N. R. Co.,* 58 Neb. 472.

So far as it determined the amount necessary to be paid into court for Wagner's benefit in order to redeem, this decree was erroneous. *Smith v. Carnahan,* 83 Neb. 667; *Butler v. Libe,* 81 Neb. 740, 744; *Clarence v. Cunningham,* 86 Neb. 434. But the court had jurisdiction to render it. It might have been reversed or modified upon an appeal by Wagner, but it was not appealed from by him. The appeal taken by Hitchcock county did not affect the issues between these parties, nor the order allowing redemption; hence, it had no effect upon this order. *Nebraska Hardware Co. v. Humphrey Hardware Co.,* 81 Neb. 693. The result is unfortunate to Mr. Wagner, but the mistake was made in the former decree, which he was apparently satisfied with at the time. If doubtful of the result, he might have brought up the validity of the former order or decree, and had it determined at the same time that the appeal of the county from the judgment against it was determined, but this he failed to do.

The district court had no authority at the time it acted to set aside the former decree. Its judgment, therefore, is reversed and the cause remanded, with directions to set aside and vacate the order of October 12, 1908, and to reinstate the decree rendered April 19, 1906.

REVERSED.