TONY N. MAROOSIS, APPELLANT, V. PETER CATALANO,
APPELLEE.

FILED MAY 1, 1915. No. 18073.

1. **Affidavit: ACKNOWLEDGMENT.** A notary public who is an attorney of record in a pending suit is not a proper officer to take an affidavit to be used as evidence on a hearing in the cause.

2. **Garnishment: ACTION AGAINST GARNISHEE: GENERAL DENIAL.** Where suit is brought under section 8385, Rev. St. 1913, for alleged unsatisfactory answer in garnishment, a general denial is a sufficient answer.

3. **New Trial: MOTION: TIME.** When a party against whom a judgment has been entered in the district court files a motion for a new trial within three days after the entry of the judgment, and during the same term at which the judgment was recovered, but the term is adjourned before the court rules thereon, he is entitled to a ruling at a subsequent term.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*John S. Bishop,* for appellant.

*E. G. Maggi, T. S. Allen* and *H. L. Wilson, contra.*

MORRISSEY, C. J.

Plaintiff recovered judgment in justice court on two promissory notes executed by one Will Catalano, the son of this defendant. He then caused summons in garnishment to be served on defendant in this action, who appeared before the justice, made his answer in garnishment, and was discharged. Subsequently plaintiff brought this suit under section 8385, Rev. St. 1913, for alleged unsatisfactory answer in garnishment. Judgment went in favor of defendant, and the plaintiff appealed to the district court. On May 7, 1912, judgment was entered by default in favor of plaintiff. Within three days thereafter, and at the same term, defendant filed a motion to set aside the judgment. This motion was supported by the affidavits of E. G. Maggi and Mrs. C. Blanche Stevens.

Maroosis v. Catalano.

Defendant also tendered an answer constituting a general denial. Plaintiff filed a motion to strike the affidavit of Mr. Maggi because it was sworn to before T. S. Allen, one of defendant's attorneys of record, and to strike the affidavit of Mrs. Stevens because it was sworn to before her husband, and to strike the answer because filed out of time, that it was a sham pleading, and did not set up a meritorious defense. These motions were not ruled on by the trial court until the succeeding term, when the motion of plaintiff to strike was sustained, and the motion to set aside the default judgment was overruled. Defendant then filed a motion for rehearing, which the court sustained. The motion of plaintiff to strike was overruled, and the motion of defendant to set aside the default judgment was sustained. The cause was subsequently tried to a jury, and there was a verdict and judgment in favor of the defendant. Motion for new trial was overruled, and plaintiff appeals.

A number of errors are relied upon for reversal, but special stress is laid upon the rulings of the court in refusing to strike from the files the affidavits of Mr. Maggi and Mrs. Stevens. The record shows that Maggi, who subscribed to the affidavit, and Allen, the notary public before whom the same was made, were attorneys of record for the defendant. Under sections 371-376 of the Code (Rev. St. 1913, secs. 7937-7942) and the construction thereof in *Collins v. Stewart,* 16 Neb. 52, *Horkey v. Kendall,* 53 Neb. 522, and *Malcolm Savings Bank v. Cronin,* 80 Neb. 228, a notary public who is also an attorney of record in the case is not a proper party before whom affidavits of this kind may be taken, and the affidavit of Maggi ought to have been stricken from the files. Mrs. Stevens' affidavit is attacked because she subscribed the same before her husband, who is a justice of the peace, and it is contended that it was inadmissible under section 376 of the Code. This section provides: "The officer before whom depositions are taken must not be a relative of either party," etc. It does not appear that the justice is related to either party, and this objection is without merit.

With the affidavit of Maggi out of the record, the affidavit of Mrs. Stevens remains to support the motion if, indeed, it be necessary to support it by affidavit.

"The vacation of a judgment by default during the term at which it is rendered is largely within the discretion of the trial court, and presents no grounds for reversal unless there appears to have been a clear abuse of discretion." *Bigler v. Baker,* 40 Neb. 325. The motion to set aside the default judgment was made in due season, it was directed to the sound judicial discretion of the court, and the affidavit of Mr. Maggi may be entirely disregarded, and still the action of the court be sustained.

Plaintiff also complains that the answer, which is a general denial, is insufficient; but there was only one question to determine, and that was whether the defendant had made a complete and truthful answer in garnishment. In fact, we find in the record an affidavit of plaintiff's attorney in which he states that this is the only question. The petition alleged that he did not. By the general denial defendant put this question squarely in issue, and it must be said to be a sufficient answer.

It is also contended that the court is without jurisdiction to vacate a judgment and grant a new trial after the term at which it is entered, and a number of authorities are cited. These authorities, however, are not in point, and it is not necessary to discuss them. In the instant case the motion was filed at the term at which the judgment was entered, and because the court deferred action until the subsequent term it did not lose jurisdiction. In *Hitchcock County v. Cole,* 87 Neb. 43, and other cases cited in the brief, the motion was not filed until after the adjournment of the term at which the judgment was entered, and this court has uniformly held that they came too late, while in the instant case the motion was duly filed during the term. The defendant had taken every step necessary to protect his rights, and the power of the court was not ended until it ruled on this motion, and it did not lose jurisdiction merely by the adjournment of the term.

Error is assigned on the giving and refusal to give instructions, but, in the view we take of the case, the jury were properly instructed, and the judgment is

AFFIRMED.

LETTON, ROSE and SEDGWICK, JJ., not sitting.