STORZ BREWING COMPANY, A CORPORATION, APPELLEE, V.
R. N. KUESTER, APPELLANT.

132 N. W. 2d 341

Filed January 8, 1965. No. 35747.

George B. Buechler, for appellant.

Fitzgerald, Brown, Leahy, McGill & Strom, Edgar R. Gessaman, and Joseph J. Barmettler, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, and BROWER, JJ., and ROBERT L. SMITH and ROBERT L. FLORY, District Judges.

SPENCER, J.

This is an action brought by Storz Brewing Company, a corporation, hereinafter referred to as plaintiff, against R. N. Kuester, hereinafter referred to as defendant, on an unconditional guaranty of payment of any credit ex-

tended Ware R. Christenson for the purchase of merchandise. The trial court sustained plaintiff's motion for summary judgment, and defendant has perfected an appeal to this court.

The action was filed in the district court for Hall County on April 29, 1963. On September 24 defendant filed an answer in the form of a general denial and a request that the plaintiff be put on strict proof. On September 27 plaintiff filed requests for admissions. Defendant filed his responses and objections to plaintiff's request for admissions on October 8. As to the plaintiff's request for admissions of the correctness of the debits and credits shown on the account, defendant gave reasons why he could not deny or affirm their correctness. The objections were heard on October 11. The request for admissions as to the correctness of the debits and credits shown on the account were waived. The objections to the rest were overruled, and the defendant was given until October 21 to respond. No response was ever made. On November 4 plaintiff filed its motion for summary judgment, supported by the affidavit of its credit manager. This motion was noticed for hearing on November 15 at 1:30 p.m. On that day, defendant, without leave of court, filed an amended answer out of time. At the time set, hearing was had on the motion for summary judgment. The bill of exceptions does not indicate any action of any nature on the amended answer. The defendant filed no affidavit and produced no evidence. The journal entry indicates that the amended answer was not considered by the court in the hearing on the summary judgment.

The defendant alleges six assignments of error. The only assignments we will consider pertain to the admission of evidence at the hearing and that the summary judgment entered is not sustained by sufficient evidence.

Summary judgment is an extreme remedy and should be awarded only when the issue is clear beyond all doubt. Any reasonable doubt touching the existence of

a genuine issue of material fact must be resolved against the moving party. See Illian v. McManaman, 156 Neb. 12, 54 N. W. 2d 244. Section 25-1332, R. R. S. 1943, requires the record before the court to show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The defendant assigns as error the overruling of his objection to admission of exhibits Nos. 1 through 16. Exhibits Nos. 1 through 15 are the purported ledger sheets showing the plaintiff's account with Ware R. Christenson, doing business as Grand Island Beer Company. Exhibit No. 16 is the affidavit of plaintiff's credit manager, which attempts to prove compliance with the requirements of section 25-12,109, R. R. S. 1943, to have exhibits Nos. 1 through 15 admitted as plaintiff's business records. The affidavit is sworn to before the attorney of record for the plaintiff, who was the attorney offering it at the hearing on the motion. Defendant objected to its introduction because of incompetency, no proper and sufficient foundation, and several other reasons not material herein.

It was the rule of common law that an affidavit taken before an attorney in a case could not be used in evidence if objected to. Collins v. Stewart, 16 Neb. 52, 20 N. W. 11. In 1887, the Legislature attempted to change this rule by amendment of section 118 of the Code of Civil Procedure (now section 25-829, R. R. S. 1943), by adding: "* * * and nothing herein shall be construed to prohibit an attorney at law, who is a notary public from swearing a client to any pleading or other paper or affidavit in any proceeding of the courts of the state." Laws 1887, c. 93, p. 646.

In Horkey v. Kendall, 53 Neb. 522, 73 N. W. 953, 68 Am. S. R. 623, this court held: "The amendment of 1887 to section 118 of the Code, notwithstanding its general language, cannot be held to apply to affidavits, other than those verifying pleadings, without giving

the amending act a construction which would render it violative of section 11, article 3, constitution."

In Maroosis v. Catalano, 98 Neb. 284, 152 N. W. 559, this court said: "A notary public who is an attorney of record in a pending suit is not a proper officer to take an affidavit to be used as evidence on a hearing in the cause."

The affidavit, exhibit No. 16, was not a pleading, but was offered as evidence. It is the only evidence offered by plaintiff in an attempt to secure the admission of exhibits Nos. 1 through 15. It was not admissible over objection.

Plaintiff attempts to use the defendant's statements as to why he could neither affirm nor deny the correctness of the debit and credit entries shown on the plaintiff's account with Ware R. Christenson to prove that the defendant had no defense thereto. Defendant, who was a guarantor, insisted he had no means of ascertaining the truth or falsity of the entries; that the business had been closed; and that the principal debtor, Ware R. Christenson, was out of the jurisdiction of the court and his whereabouts was unknown to the defendant.

In Smith v. Allen, 63 Neb. 74, 88 N. W. 155, this court dealt with the efficacy of an answer in which the defendant pleaded that he had no personal knowledge, and denied each and every allegation in the petition. In that case, we held that a denial, though coupled with an allegation showing a lack of knowledge of the matters denied, was sufficient to raise an issue. The following language is pertinent: "It will be seen that no specific provision is made for a denial, where the defendant lacks positive knowledge, or upon information and belief. However wise such provision might be, this court has no authority to supply it. Are we to infer then, from this, that the authors of the Code intended to force the defendant to the alternative of admitting allegations of the truth of which he had no knowledge, or to verify an unqualified denial of such matters? We think not.

It seems to us to be more consistent with the spirit of the Code to permit the defendant to spare his conscience by a disclaimer of knowledge, and at the same time enter a denial for the purpose of putting the plaintiff to the proof of his allegations." This is the interpretation which should be placed on defendant's original answer.

Plaintiff argues that discovery proceedings were available to the defendant. Under the particular facts presented in this case, we feel that what Judge Delehant said in Chenault v. Nebraska Farm Products, Inc., 107 F. Supp. 635, is applicable herein: "It is true that he has tendered no countershowing by way of affidavit, deposition or otherwise. But he is under no obligation to do so. His adversaries may not by showings in support of a motion for summary judgment cast upon him the obligation to try real and material factual issues in his case otherwise than by the ordinary methods of trial."

A decision in this case must be approached in the light of the admonition inherent in our cases that great care should be exercised in granting motions for summary judgment, and any doubt must be resolved against the granting of the motion. The defendant herein is a guarantor. We have a situation where the necessary facts are within the exclusive knowledge of the moving party. In some situations this has been held sufficient to warrant the denial of a motion for summary judgment. See 3 Barron and Holtzoff, Federal Practice and Procedure (Rules Ed.), § 1232.2, p. 111. While this is not the exact situation referred to in that text, a guarantor may be in a peculiar situation to warrant the same consideration.

There is an even more cogent reason why the order in this case must be reversed. Assuming the admissibility of the affidavit and the business records, we are still met with the rule that contracts of guaranty are strictly construed. Without further evidence, the guaranty under that rule must be construed as being limited to the guaranty of payment of credit extended for the purchase of merchandise. The affidavit of the credit

manager certifies the record pertains to all of the transactions between the plaintiff and Ware R. Christenson, but does not limit the debit entries on the ledger sheets solely to the purchase of merchandise. The limited information furnished by the entries would indicate that some of them are for truck repairs and painting, advertising, road signs, and the like. It is possible further evidence will explain these items but, on the record, sufficient doubt is created to require the denial of the motion for summary judgment.

For the reasons given above, the order sustaining the motion for summary judgment should be and hereby is reversed and the cause is remanded for further proceedings.

REVERSED AND REMANDED.